■ Norma G. Dreyfus, Respondent, v Joseph C. Dreyfus, III, Appellant.—Orders, Supreme Court, New York County, entered September 11, 1978 and February 2, 1979, fixing the amount to be paid by defendant husband for the support of children, are modified, on the law and the facts, and in the exercise of discretion, as follows: (a) The order entered February 2, 1979, is modified by changing the effective date of the child support modification in the second decretal paragraph from December 12, 1978 to May 30, 1978; and in the third decretal paragraph by changing the amount of the judgment from $3,040 to $1,615; and the judgment entered February 23, 1979 pursuant to said order is modified accordingly; (b) to the extent that the order of September 11, 1978 is inconsistent with the order of February 2, 1979 as modified, it is superseded thereby; (c) and the orders are otherwise affirmed, without costs. As Special Term on a further review of the facts considered that the proper amount of child support to be paid by the husband was $275 per week rather than $350 per week, it should have made the modification retroactive to the date from which it ordered the husband to pay child support. This change also reduces the amount of child support arrears, for which judgment was directed, by $75 per week. We have stated many times that in general the proper remedy of a party who thinks that temporary support payments ordered are excessive, or are insufficient, is to press for an early trial. This case has been pending now for approximately a year and a half. On a trial, the court will be able to determine the financial capacities and needs of the parties much more reliably than on these conflicting affidavits. Our affirmance of the $275 per week level of child support is not to be taken as any indication of the amount, if any, the trial court should award after trial. Concur—Murphy, P. J., Birns, Fein, Bloom and Silverman, JJ.