■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER S. BURKE, Appellant.—Judgment unanimously modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on defendant's conviction of criminal possession of a controlled substance, third degree (two counts), to a maximum of nine years and a minimum of three years and otherwise judgment affirmed. (Appeal from judgment of Oneida County Court, Buckley, J.—criminal possession of controlled substance, third degree, and other offenses.) Present —Hancock, Jr., J. P., Doerr, Green, O'Donnell and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMON HILL, Appellant.—Judgment unanimously affirmed. Memorandum: The evidence presented at trial concerning the nature and severity of the victim's injuries was sufficient to entitle the jury to infer defendant's intent to kill *(People v McDavis,* 97 AD2d 302, 303). The testimony of Anthony Liccione, a convicted murderer, was not incredible as a matter of law *(People v Stroman,* 83 AD2d 370, 373). The jury had been informed that Liccione was incarcerated for murder and that he had previously testified against an inmate accused of murdering a cook at Attica Prison. The court adequately instructed the jury that the witness' past conviction and possible interest in the outcome of the case could affect his credibility. The issue of the witness' credibility was for the jury *(People v Majeer,* 100 AD2d 830, 831). We have examined defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Cayuga County Court, Corning, J.—murder, second degree.) Present—Hancock, Jr., J. P., Doerr, Green, O'Donnell and Schnepp, JJ.