■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CRUZ, Appellant.—

The defendant's conviction arises out of his involvement in a so-called "buy and bust" operation in which cocaine was sold to an undercover officer. On appeal, the defendant argues that the judgment of conviction must be reversed based on the prosecutor's alleged failure to obtain leave from the court to resubmit the case to a different Grand Jury after the original indictment was dismissed, upon the prosecutor's consent, based on the prosecutor's failure to place a laboratory report into evidence. The defendant's argument, however, must fail since the transcript of proceedings which took place on January 20, 1987 clearly establishes that the court, upon dismissing the original indictment, gave the prosecutor leave to resubmit the case to a different Grand Jury within 45 days thereof in accordance with CPL 210.20 (4).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

We also reject the defendant's assertion that he was deprived of a fair trial as a result of the trial court's ruling admitting into evidence several glassine envelopes containing cocaine which were recovered on a fencepost in the immediate area where the defendant and codefendant were standing at the time the sale was consummated. The defendant's argument is not preserved for appellate review because he did not raise an objection when the envelopes were offered into evidence (CPL 470.05 [2]). In any event, this evidence was properly received, to corroborate the undercover officer's testimony that the codefendant, at the defendant's directive, took two bags of cocaine from the fencepost and handed them to the undercover officer. Moreover, the prejudice resulting to the defendant as a result of the admission of this evidence was minimized by the trial court's limiting instruction to the jury in that the defendant was not being charged with a crime with respect to those drugs. In any case, any error in the trial court's ruling was harmless in view of the overwhelming proof of guilt *(see, People v Crimmins,* 36 NY2d 230).

We have reviewed the defendant's remaining contentions and find them to be unpreserved for appellate review and/or without merit. Mollen, P. J., Brown, Eiber and Rosenblatt, JJ., concur.