■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID LEWIS, Appellant.—Judgment, Supreme Court, New York County (Dennis Edwards, Jr., J.), rendered May 12, 1988, convicting defendant, after a jury trial, of robbery in the second degree and sentencing him to an indeterminate term of imprisonment of from 6 to 12 years, unanimously affirmed.

Defendant was immediately arrested after the police observed him and three other individuals rob the complainant. Although the victim, who may have been inebriated at the time of the incident, failed to recall certain details of the robbery, viewing the evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish defendant's guilt beyond a reasonable doubt.

In view of defendant's extensive criminal record, the court's ruling, pursuant to *People v Sandoval* (34 NY2d 371), did not constitute an abuse of discretion but, rather, represented an

appropriate balance of the relevant competing interests. Nor did the court err in denying defendant's motion for a mistrial after the prosecutor asked defendant's brother, on cross-examination, whether he had testified at an earlier trial. Although the question was improper, it was not phrased in such a way as to imply that the witness had testified at a previous criminal trial involving his brother. After the witness responded that he had not testified at an earlier proceeding, the prosecutor did not pursue the matter further. We would also note that after defendant's motion for a mistrial was denied, he did not seek a curative instruction or any other form of relief. In sum, there was no undue prejudice to defendant, particularly in light of the overwhelming proof of guilt.

With respect to the court's refusal to assure defense witnesses that their plea agreements would not necessarily be immune from abrogation should they testify contrary to their plea allocutions, there is no indication that the court in any way intimidated these witnesses or did anything other than respond to their inquiry (see, People v Lee, 58 NY2d 773, 775). Finally, defendant's sentence was neither unduly harsh nor excessive. Concur—Rosenberger, J. P., Kassal, Ellerin, Smith and Rubin, JJ.