■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS BONILLA, Appellant.—Judgment, Supreme Court, Bronx County (George D. Covington, J.), rendered December 18, 1989, which convicted defendant, after jury trial, of criminal sale of a controlled substance in the third degree and sentenced him, as a second predicate felon, to an indeterminate term of 12-½ to 25 years imprisonment, unanimously affirmed.

Assuming arguendo that the testifying undercover police officer's brief reference to defendant's possession of "non buy" money was improper, we would find it to be harmless error in light of the overwhelming evidence of defendant's guilt (People v Cruz, 158 AD2d 706, 707, lv denied 76 NY2d 786). Defendant was positively identified by the undercover officer. (People v Stasio, 166 AD2d 160, lv denied 76 NY2d 1024.) Further, the elicited statement that defendant was not in possession of pre-recorded "buy money" when arrested was emphasized in defense counsel's summation to the jury to support the contention of reasonable doubt. Even had defense counsel not chosen to utilize the statement to defendant's advantage, we would conclude that it was not so prejudicial as to have deprived defendant of a fair trial such as to warrant a mistrial in view of the overwhelming evidence of guilt (CPL 280.10 [1]; see, People v Ortiz, 54 NY2d 288, 292). Further, counsel did not seek a curative instruction (People v Lewis, 161 AD2d 286, 287, lv denied 76 NY2d 791). Nor do we find any abuse of discretion in the sentence imposed upon defendant. Concur—Ellerin, J. P., Kupferman, Asch and Kassal, JJ.

■ AKIKO HAGIPOLI, Respondent, v GEORGE HAGIPOLI, Appellant.—Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered November 21, 1991, which, inter alia, directed defendant to pay pendente lite child support of $75 per week, unanimously affirmed, without costs.

The IAS court properly considered the relevant factors enumerated in the Domestic Relations Law and did not abuse its discretion in awarding the pendente lite relief in this case. Moreover, as we have often stated, "the proper remedy of a party who thinks that temporary support payments ordered are excessive * * * is to press for an early trial" (Dreyfus v Dreyfus, 72 AD2d 522). Concur—Ellerin, J. P., Kupferman, Asch and Kassal, JJ.