■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIEN CHAMBERS, Appellant. [595 NYS2d 346] —Judgment unanimously affirmed. Memorandum: The trial court did not abuse its discretion in denying defendant's motion for a mistrial based upon the admission of testimony suggesting defendant's involvement with drugs *(see, People v Young,* 48 NY2d 995, 996, *rearg dismissed* 60 NY2d 644; *People v Lewis,* 161 AD2d 286, *lv denied* 76 NY2d 791; *People v Brotherton,* 122 AD2d 850, 851, *lv denied* 69 NY2d 709).

Defendant's contention that a police witness was improperly permitted to bolster identification testimony has not been preserved *(see,* CPL 470.05 [2]; *People v West,* 56 NY2d 662) and we decline to review the issue in the interest of justice *(see,* CPL 470.15 [6] [a]).

We have reviewed the issues raised in defendant's *pro se* supplemental brief and we find no basis to disturb the determinations of the suppression court, which are entitled to great weight *(see, People v Prochilo,* 41 NY2d 759, 761; *People v Chapman,* 161 AD2d 1156, *lv denied* 76 NY2d 854). (Appeal from Judgment of Monroe County Court, Connell, J.—Murder, 2nd Degree.) Present—Green, J. P., Pine, Lawton, Fallon and Davis, JJ.