■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD JORDAN, Appellant. [690 NYS2d 797] —Judgment unanimously affirmed. Memorandum: Contrary to the contention of defendant in his *pro se* supplemental brief, he was not denied his right to a trial by a jury of his peers. When defendant challenged the composition of the two jury pools during jury selection, County Court held a hearing to determine how the jury pools had been selected. Defendant failed to "substantiate his claim that the African-American community [in Erie County] was underrepresented in [the] jury pools * * * as a result of a 'systematic exclusion' of these individuals in the jury-selection process" (*People v Hobson,* 227 AD2d 643, 644, *lv denied* 88 NY2d 986; *see, People v Shedrick,* 66 NY2d 1015, 1017, *rearg denied* 67 NY2d 758; *People v Guzman,* 60 NY2d 403, 410, *cert denied* 466 US 951).

Defendant further contends that the verdict is against the weight of the evidence because the victim's identification of defendant was unreliable and the officer's description of him was inaccurate. The credibility of those witnesses was for the jury to determine (*see, People v Hill,* 115 AD2d 239, *lv denied* 67 NY2d 884), and it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see, People v Bleakley,* 69 NY2d 490, 495).

Defendant failed to preserve for our review his contentions that reversal is required based on the admission of an officer's testimony that bolstered an out-of-court identification (*see, People v Love,* 57 NY2d 1023, 1025; *People v Chambers,* 191 AD2d 1031, *lv denied* 81 NY2d 1012) and an improper remark by the prosecutor (*see, People v Hess,* 234 AD2d 925, *lv denied* 90 NY2d 1011). In any event, any alleged error in the admission of the officer's testimony is harmless (*see, People v Cruz,* 214 AD2d 952, *lv denied* 86 NY2d 793), nor does the prosecutor's remark warrant reversal (*see, People v Galloway,* 54 NY2d 396, 401). Also not preserved for our review is defendant's further contention that photographs received in evidence were not properly authenticated, and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Erie County Court, D'Amico, J.—Burglary, 2nd Degree.) Present—Green, J. P., Hayes, Wisner, Pigott, Jr., and Scudder, JJ.