# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**345**
**KA 07-00949**
PRESENT: SCUDDER, P.J., CENTRA, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JUNIOR A. BANAH, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (WILLIAM G. PIXLEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered August 24, 2004. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the second degree (Penal Law § 160.10 [2] [b]). Contrary to defendant's contention, County Court did not abuse its discretion in denying defendant's request for substitution of counsel without making a further inquiry. It is apparent from the record that defendant disagreed with defense counsel's advice that he accept a favorable plea offer, and thus we conclude that the court properly determined that defendant's request for new counsel was not based upon "good cause" (*People v Linares*, 2 NY3d 507, 510; *cf. People v Sides*, 75 NY2d 822, 824-825).

Defendant failed to preserve for our review his further contention that the court erred in permitting a police officer to testify with respect to the victim's showup identification of defendant (*see People v Jordan*, 261 AD2d 947, *lv denied* 93 NY2d 1003; *see generally People v Love*, 57 NY2d 1023, 1025). In any event, any such error is harmless in light of the overwhelming proof of defendant's guilt, i.e., "strong and unequivocal identification testimony" of the victim (*People v Cruz*, 214 AD2d 952, 953, *lv denied* 86 NY2d 793), and the physical evidence recovered in proximity to the location where defendant was stopped by police, and there is no significant probability that defendant would have been acquitted but

for the error (*see generally People v Crimmins*, 36 NY2d 230, 241-242).

Entered:  March 25, 2011                              Patricia L. Morgan
                                                     Clerk of the Court