People v Ali (2021 NY Slip Op 01989)





People v Ali


2021 NY Slip Op 01989


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-10134
 (Ind. No. 16-01418)

[*1]The People of the State of New York, respondent,
v
Clifford Ali, appellant.


Brendan O'Meara, White Plains, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Brian R. Pouliot and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Barry E. Warhit, J.), rendered July 16, 2018, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
A jury convicted the defendant of intentional second-degree murder (see Penal Law § 125.25[1]). The defendant's contention that the evidence was legally insufficient to support his conviction because the People failed to prove that he acted with the intent to kill his victim is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 491-492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), contrary to the defendant's contentions, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. There is no reasonable view of the evidence that would support a finding that the defendant's conduct in beating the victim to death with the use of a cane and/or rod, which caused the victim's blood to splatter on the walls of his room, was merely reckless, or that the defendant intended anything other than to kill the victim (see People v Alvaradoajcuc, 142 AD3d 1094, 1095). The evidence presented at trial concerning the nature and severity of the victim's injuries was sufficient to entitle the jury to infer defendant's intent to kill (see People v Hill, 115 AD2d 239).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Although the defendant largely failed to preserve for appellate review his contentions related to the Supreme Court's determination, following a hearing (see People v Molineux, 168 NY 264), to allow limited evidence of the defendant's prior bad acts at trial (see CPL 470.05[2]; People v Mata, 174 AD3d 647, 648; People v Norman, 40 AD3d 1128, 1130), these contentions are, in any [*2]event, without merit. The evidence of the defendant's prior use of canes to strike the victim was admissible, as it was relevant to the defendant's identification as the perpetrator of the crime charged (see People v Saunders, 71 AD3d 1058, 1058-1059). The court also providently exercised its discretion in allowing the prosecutor, upon redirect examination, to question a witness about "whether there were other occasions when [the witness] saw the defendant hit [the victim] with his hand" (see People v Rojas, 97 NY2d 32). Defense counsel opened the door to this previously precluded evidence by creating an impression, during cross-examination, that the witness had barely seen any impropriety in the defendant's treatment of the victim over the years (see People v Nicosia, 18 AD3d 673). Moreover, jurors are presumed to have followed a court's limiting instructions, and any prejudicial impact was minimized here by the trial court's sufficient instructions (see People v Singh, 147 AD3d 787, 787-788).
The defendant's contention that he was deprived of the effective assistance of counsel also is without merit (see People v Ambers, 26 NY3d 313, 320; People v Benevento, 91 NY2d 708, 712). The record as a whole demonstrates that the defendant received effective assistance of counsel under both the federal and state constitutional standards (see Strickland v Washington, 466 US 668, 688; People v Benevento, 91 NY2d at 712; People v Baldi, 54 NY2d 137, 147). We note that counsel will not be deemed ineffective for failing to pursue an argument that has little or no chance of success (see People v Flowers, 28 NY3d 536, 541).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, A.P.J., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court