THIRD DEPARTMENT, MAY, 1986

(May 1, 1986)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER W. FARLEY, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Montgomery County (White, J.), rendered November 9, 1982, upon a verdict convicting

defendant of the crimes of murder in the second degree (two counts), burglary in the first degree, criminal use of a firearm in the first degree, robbery in the first degree, attempted burglary in the first degree, criminal use of a firearm in the second degree, grand larceny in the second degree, and criminal possession of stolen property in the first degree.

On this appeal, we are asked to determine whether it was error for County Court not to suppress incriminating statements made by defendant and his accomplice while they were incarcerated and which were overheard by a fellow prison inmate. Defendant and Wendell Gloskey allegedly engaged in a series of criminal activities in the early morning hours of June 27, 1981 in the Town of Minden, Montgomery County.* Before their rampage had ended, they had, among other things, shot three people, two of whom died as a result of the injuries inflicted. Defendant and Gloskey then stole a car and left the State. Later that day, however, they turned themselves in to police in Virginia where they subsequently made numerous incriminating statements. Some of the statements made by defendant, however, were later suppressed since they were made after he had requested the assistance of counsel.

Defendant and Gloskey were eventually returned to Montgomery County. Defendant was charged with two counts of criminal use of a firearm in the second degree, two counts of murder in the second degree, criminal use of a firearm in the first degree, attempted burglary in the first degree, burglary in the first degree, grand larceny in the second degree, criminal possession of stolen property in the first degree and robbery in the first degree. Defendant and Gloskey were held in Montgomery County Jail pending trial.

While in Montgomery County Jail, James L. De Witt, a fellow inmate, overheard defendant and Gloskey discussing their criminal activities of June 27, 1981. De Witt, who was incarcerated for parole violations, had previously given information to State Police which had resulted in numerous indictments. De Witt gave a statement to a Deputy Sheriff regarding the information he had learned.

---

* Underlying facts of the criminal activities involved herein are more fully developed in this court's affirmance of Gloskey's conviction upon his plea of guilty of the crimes of murder in the second degree (two counts), criminal use of a firearm in the first degree, burglary in the first degree, robbery in the first degree, criminal use of a firearm in the second degree (two counts), attempted burglary in the first degree, assault in the first degree, reckless endangerment in the first degree, grand larceny in the second degree, criminal possession of stolen property in the first degree and assault in the third degree (People v Gloskey, 105 AD2d 871).

Defendant subsequently moved to suppress this evidence. However, County Court found that there was no agency relationship between De Witt and law enforcement officers at the time he heard the statements in question. De Witt was thus allowed to testify at defendant's trial as to the incriminating conversation which he had overheard between defendant and Gloskey. Defendant was found guilty of two counts of murder in the second degree, burglary in the first degree, criminal use of a firearm in the first degree, robbery in the first degree, attempted burglary in the first degree, criminal use of a firearm in the second degree, grand larceny in the second degree and criminal possession of stolen property in the first degree. This appeal ensued.

Defendant contends that De Witt was acting as an agent of the police and that any statements he overheard should have thus been suppressed as violative of defendant's right to counsel (see, Massiah v United States, 377 US 201; People v Knapp, 57 NY2d 161, 173-174, cert denied 462 US 1106). We cannot agree. Acceptance of information from an informer does not establish an agency relationship (People v Kinder, 75 AD2d 34, 44). The fact that the informer has, on a previous occasion, provided authorities with information does not require the finding that an agency existed in a subsequent, unrelated instance (see, People v Cardona, 41 NY2d 333, 335). Here, there is no evidence that the prosecution's role was anything other than that of a passive recipient of information which was provided at De Witt's own initiative. Furthermore, the principal inculpatory statements were not solicited by De Witt, but were merely fortuitously overheard as defendant and Gloskey freely conversed between themselves. Accordingly, County Court correctly ruled that De Witt's testimony as to the inculpatory statements was admissible.

Defendant's further contention that there was not legally sufficient evidence to support the jury's verdict is meritless.

Judgment affirmed. Main, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.