■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD H. BENT, Appellant.—Casey, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered June 3, 1988, upon a verdict convicting defendant of the crime of murder in the second degree.

After a jury trial, defendant was convicted of murdering his wife, whose body was found in the trunk of her abandoned car several days after defendant had reported her missing. Defendant's first contention on appeal is that County Court erred in permitting the People to present evidence on their direct case of defendant's prior conviction of the crime of embezzlement. The evidence was offered by the People in an effort to establish a motive for the murder (see, People v Molineux, 168 NY 264). As a part of the plea bargain that resulted in defendant's earlier embezzlement conviction, defendant was required to make restitution of approximately $30,000, payable in monthly installments in excess of $570. This obligation, to-

gether with defendant's legal fees and other obligations, coupled with defendant's unemployment, created a financial strain which led defendant's wife to contemplate a divorce. According to the People's theory, defendant was fearful that a divorce would leave him virtually penniless and unable to meet his obligation to pay restitution. He was particularly upset over the thought of receiving nothing for the work and money he had expended on the house owned by his wife. The People also presented proof that defendant believed he was the sole beneficiary under his wife's will.

Defendant concedes on appeal that evidence of the debt created as a result of the embezzlement conviction was relevant on the issue of motive, but he contends that the embezzlement conviction itself was not relevant. We disagree. That the obligation arose out of a criminal proceeding and was not an ordinary debt with only civil penalties for nonpayment was, in our view, relevant to defendant's motive and intent. Applying the balancing process in which the degree of probativeness and the potential for prejudice are weighed against each other (see, People v Ventimiglia, 52 NY2d 350, 359-360), we conclude that County Court did not err in admitting evidence of defendant's earlier conviction of embezzlement. As previously noted the evidence is relevant, and we see little likelihood in the jury concluding that one who has committed embezzlement has a propensity to commit violent crimes, including the murder of his wife. We also note that County Court gave appropriate limiting instructions in its charge to the jury.

We also reject defendant's contention that County Court erred in denying his motion for a hearing to explore whether two of the People's witnesses, who were fellow inmates with defendant prior to trial, were acting as agents of the police when defendant made incriminating statements to them. Defendant concedes he was required to show that the authorities were more than passive recipients of information (see, People v Farley, 120 AD2d 761), but he claims that a hearing was required since it was "unusual" for convicted inmates, such as the two witnesses, to be placed in the same tier as pretrial detainees. Noticeably absent, however, is any proof that the government was actively involved in, or even encouraged, the witnesses' decision to volunteer the information (see, People v Cardona, 41 NY2d 333). Both witnesses testified that there were no deals. Since defendant's agency claim is based only on speculation, no formal hearing was required (see, People v Abdullah, 134 AD2d 503, lv denied 71 NY2d 965). Defendant

also contends that County Court erred in denying his motion for an adjournment so that three witnesses could be interviewed. Since the witnesses were relevant to the collateral issue of the credibility of one of the inmate witnesses, an issue adequately explored on cross-examination and later during defendant's direct case, we see no prejudice in County Court's ruling.

Our next concern is with the testimony of two witnesses about conversations they had with defendant's wife prior to her death. The People point out that the witnesses' testimony was limited to what they said to defendant's wife during the conversations, and they claim that the purpose of the testimony was to show the victim's state of mind. We agree with defendant that the effect of this testimony was to indirectly place before the jury the victim's out-of-court statements. More importantly, we agree with defendant's contention that the testimony is irrelevant. The People claim that the victim's state of mind prior to her death is relevant to the issue of defendant's motive or intent, but we see no logical connection in the circumstances of this case and the People have not attempted to explain the rationale for their claim. For the same reason, an excerpt from the victim's Bible, which was offered to show her state of mind, is irrelevant. We find the errors to be harmless, however, under the test for nonconstitutional error *(see, People v Crimmins,* 36 NY2d 230, 241-242). In addition to the strong circumstantial evidence of defendant's guilt, which can itself meet the quantum of proof required under the test of *People v Crimmins (supra; see, People v Murphy,* 128 AD2d 177, 184, *affd* 70 NY2d 969), the testimony of the two inmate witnesses, which the jury clearly believed, established that defendant admitted killing his wife.

Defendant's final argument, that County Court erred in permitting the People to cross-examine certain defense witnesses concerning prior convictions and bad acts, was not preserved for appellate review by appropriate objection. Nor does the argument provide an appropriate basis for reversal of the conviction in the interest of justice.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.