■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDT JOSEPH, Also Known as JOSEPH BRANDT, Appellant. [607 NYS2d 697] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Rappaport, J.), rendered January 25, 1991, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, under Indictment No. 1476/90, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered January 25, 1991, revoking a sentence of probation previously imposed by the same court (Rienzi, J.), under Indictment No. 11831/89, upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal sale of a controlled substance in the third degree.

Ordered that the judgment and amended judgment are affirmed.

The defendant contends that he was deprived of the effective assistance of trial counsel because the defense counsel insisted that the arresting officer be called to testify at the trial. This claim is meritless. The defense counsel's insistence on having the officer testify was based on the fact that the officer had previously made what appeared to be inconsistent statements concerning the facts of this case. The defense counsel, therefore, wanted to explore these apparent inconsistencies before the jury and, indeed, did so. Thus, the defense counsel's insistence on having the officer testify was clearly trial strategy. Merely because the defense counsel's tactics were not successful does not render his representation ineffective (see, People v Rivera, 71 NY2d 705; People v Satterfield, 66 NY2d 796; People v Baldi, 54 NY2d 137; People v Marshall, 193 AD2d 818; People v Hinton, 140 AD2d 712).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Sullivan, Krausman and Goldstein, JJ., concur.