■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE O. TAYLOR, Appellant. [751 NYS2d 662] —Lahtinen, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered June 8, 1999, upon a verdict convicting defendant of the crimes of attempted rape in the first degree, burglary in the second degree (two counts), attempted sexual abuse in the first degree and assault in the third degree.

On the evening of July 20, 1998, as the victim exited a stall in a restroom located in a secured swimming pool area of the Landmark Motel in the Village of South Glens Falls, Saratoga County, the lights in the restroom suddenly went out and a man grabbed her around the neck, forcing her to the floor. The victim struggled and managed to stand up as the attacker struck her several times. He succeeded in bending her over a vanity where the victim, who was wearing a swimsuit, felt the attacker's skin and "anatomy" behind her. Despite his threat to her to "shut the f***k up or I am going to cut you," the victim continued to resist and the attacker eventually fled on foot. He was observed by the victim and other witnesses running from the scene naked from the waist down.

The victim described her attacker to police as a "white male with short dark hair, about six feet tall, medium build [who] may have had a mustache." Two witnesses had seen an indi-

vidual enter the pool area by grabbing the self-locking door when they opened it to exit and they described him as a fair-skinned man of African descent. He was described as a large white male by a teenager who saw him fleeing. A composite photograph prepared by State Police with the assistance of the victim was noticed by defendant's parole officer, who observed that the composite photograph resembled defendant. A photo array was assembled and the victim and two other witnesses each independently identified defendant as the attacker.

Upon questioning by police, defendant admitted being present in the restroom with the victim. He related in a signed statement that he had been masturbating while watching the victim go to the bathroom, that he shut off the lights when she exited the stall to avoid being identified and that he pushed her out of the way so that he could flee the scene. A search of defendant's vehicle produced the victim's shirt and a razor knife. Defendant was indicted for the crimes of attempted rape in the first degree, burglary in the second degree (two counts), attempted sexual abuse in the first degree, assault in the third degree and criminal trespass in the third degree. Following a trial, at which defendant testified, the jury found defendant guilty of all the charges except criminal trespass in the third degree, which had been previously dismissed on the People's motion. Defendant was sentenced, as a second felony offender, to a determinate prison term of 15 years on the attempted rape conviction to run concurrently with an indeterminate term of 2 to 4 years on the attempted sexual abuse conviction and a definite term of one year on the third degree assault conviction, all of which were ordered to run consecutively to concurrent 15-year determinate prison terms on the burglary convictions. Defendant appeals.

Defendant initially argues that the photo array was unduly suggestive. A photo array is improper if it is composed in such a fashion as to " 'create a substantial likelihood that the defendant would be singled out for identification' " (*People v Lee*, 96 NY2d 157, 163, quoting *People v Chipp*, 75 NY2d 327, 336, *cert denied* 498 US 833; *see People v Brown*, 169 AD2d 934, 935, *lv denied* 77 NY2d 958). The disparate descriptions by the witnesses of the attacker's ethnicity required that the photographs be carefully selected to avoid creating a suggestive situation. The six-photo array included four Caucasians and two African Americans. While defendant was one of the two African Americans, review of the array reveals that his ethnicity is not apparent from his photograph and, indeed, his skin color does not appear darker or significantly different from any of the

Caucasians in the array. Moreover, five of the six men depicted, including defendant, had mustaches, each had short hair and all photos were from approximately the same distance. Accordingly, we find that the photo array was not unduly suggestive.

Defendant next contends that he was denied the effective assistance of counsel. Under the "flexible" analysis employed to review a claim of ineffective assistance of counsel (*People v Benevento*, 91 NY2d 708, 712), the totality of the circumstances are considered as of the time of the representation and the measure is one of meaningful representation, not perfection (*see People v Henry*, 95 NY2d 563, 565-566). Defense counsel's decision to open the door regarding the pretrial identifications of defendant was a tactical attempt to show that the police unfairly procured such identification. While the tactic backfired and, ultimately, bolstered the prosecution's case, it did not rise to the level of constitutional error considering the strategic options available to the defense and when measured by the totality of the circumstances prevailing at trial. The other errors attributed to trial counsel do not establish that defendant's attorney was ineffective and, indeed, the record reveals that counsel made appropriate pretrial motions, presented witnesses on defendant's behalf and generally mounted a vigorous defense.

We agree with defendant that the People were improperly permitted to use extrinsic evidence to impeach defendant's wife on a collateral issue pertaining to the reason she left her employment (*see People v Alvino*, 71 NY2d 233, 247-248; *People v Blanchard*, 279 AD2d 808, 811, *lv denied* 96 NY2d 826). However, in light of the compelling proof against defendant, including several eyewitnesses and his own written admission to being present at the restroom, we find the error harmless (*see People v Crimmins*, 36 NY2d 230, 242). Similarly, although defendant's parole officer gave testimony that exceeded the scope permitted by an earlier ruling of County Court, such error was harmless, particularly in light of the court's immediate instructions to the jury to disregard such testimony.

Defendant's remaining arguments, including that each of the elements of the crimes of which he was convicted were not established beyond a reasonable doubt, have been considered and found meritless.

Cardona, P.J., Mercure, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.