■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY L. BURCHARD, Appellant. [799 NYS2d 607]—

Mugglin, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered October 20, 2003, upon a verdict convicting defendant of four counts of the crimes of murder in the second degree.

On October 5, 1997, the body of Constance Mauer was found in the burned remnants of her home in the Town of Veteran, Chemung County. The case remained unsolved until July 2000 when Eric Weiskopff gave two investigators from the Chemung County District Attorney's office a comprehensive statement which identified defendant and Jeremy Onsager as the perpetrators of the rape, murder and arson. However, when the results of DNA evidence established Weiskopff's involvement in the crime, he was indicted for, among other charges, murder in the second degree.

Claiming that he had an affirmative defense to the murder charge, Weiskopff and his counsel sought a plea bargain of a 25-year sentence to be imposed in exchange for his guilty plea to rape in the first degree and cooperation in the prosecution of defendant. Finally, on October 17, 2002, Weiskopff admitted his involvement in the homicide and the next day gave the investigators a comprehensive statement. Weiskopff entered a plea of guilty to murder in the second degree with a promise of a sentence other than the maximum if he cooperated in the prosecution of defendant. His and Onsager's testimony, as corroborated by the testimony of defendant's girlfriend and two fellow prison inmates concerning admissions made by defendant, formed the basis of defendant's prosecution and conviction of four counts of murder in the second degree. Defendant was then sentenced to concurrent prison terms of 25 years to life. He now appeals contending that County Court erred in failing to suppress his alleged admissions, that he was denied a fair trial as a result of prosecutorial misconduct and that he was denied the effective assistance of counsel.

Defendant's primary argument is that his admissions must be

suppressed because his indelible right to counsel had attached prior to the time of the admissions and that the alleged admissions were made to agents of the state (*see Massiah v United States*, 377 US 201 [1964]; *People v West*, 81 NY2d 370, 373-375 [1993]; *People v Velasquez*, 68 NY2d 533, 537 [1986]). Defendant is mistaken. His initial admissions to his girlfriend and those to his fellow inmates were made prior to the commencement of these proceedings and before defendant had retained an attorney. Under these circumstances, defendant's indelible right to counsel had not attached (*see People v Ramos*, 99 NY2d 27, 32-33 [2002]). Further, it is clear that, at those times, his girlfriend and the prison inmates acted independently of the prosecution, providing information on their own initiative. Thus, they are not agents of the state as a matter of law (*see People v Cardona*, 41 NY2d 333, 335 [1977]) and the passive receipt of information, in the absence of evidence that the prosecution or the police directed, supervised or assisted in obtaining defendant's admissions, does not transform the informants into agents (*see People v Farley*, 120 AD2d 761, 763 [1986]). Defendant's girlfriend was later an agent of the state when she assisted the investigation by attempting to record defendant's admission, but these recordings were not offered in evidence, so no violation occurred. Thus, we conclude that County Court properly refused to suppress defendant's statements and the statements provided the necessary corroborative nonaccomplice evidence connecting defendant to the commission of the crimes charged (*see People v Moore*, 17 AD3d 786, 789 [2005]).

Next, our examination of the record does not reveal prosecutorial misconduct which impaired defendant's constitutional right to a fair trial. Granting transactional immunity or plea bargains in exchange for testimony is not an abuse of prosecutorial power and is often necessary to achieve justice (*see People v Owens*, 63 NY2d 824, 825-826 [1984]; *People v Peralta*, 225 AD2d 50, 52 [1996], *lv denied* 89 NY2d 945 [1997]). Although the prosecutor improperly elicited polygraph testimony from prosecution witnesses, County Court sustained objections to such evidence and immediately gave appropriate curative instructions to the jury. Defendant has not established that prosecutorial misconduct resulted in substantial prejudice which deprived him of due process of law (*see People v Russell*, 307 AD2d 385, 386 [2003]), and reversal is therefore not warranted.

Finally, defendant's claim of the ineffective assistance of counsel resulting from a conflict of interest due to his attorney's involvement in the District Attorney's reelection campaign is not preserved for our review and is based wholly on matters

outside of the record (*see People v Hanna*, 303 AD2d 838, 839 [2003]; *People v Krom*, 91 AD2d 39, 47 [1983], *affd* 61 NY2d 187 [1984]). In any event, there is simply no evidence to suggest that defendant was in any way prejudiced by the alleged conflict of interest since the representation afforded to him was aggressive, cogent and meaningful (*see People v McCrone*, 12 AD3d 848, 849-850 [2004], *lv denied* 4 NY3d 800 [2005]).

Crew, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.