■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARL PENNINGTON, Appellant. [811 NYS2d 36]—

Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered May 3, 2002, convicting defendant, after a jury trial, of two counts of kidnapping in the first degree, and sentencing him to concurrent terms of 20 years to life, unanimously affirmed.

Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal because it involves matters outside the record concerning counsel's strategy, particularly with regard to the claim that counsel improperly opened the door to otherwise inadmissible evidence (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). To the extent the existing record permits review, it establishes that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Defendant argues that counsel should have moved to preclude certain evidence for lack of statutory notice. However, we conclude that, within the meaning of the notice statute (CPL 710.30 [1] [b]), there was neither a voice identification (*see People v Gee*, 99 NY2d 158 [2002]) nor a lineup identification (*see People v Trammel*, 84 NY2d 584 [1994]). Defendant also faults counsel for opening the door to an otherwise inadmissible photographic identification. However, we find that counsel was pursuing a legitimate means of impeaching the victim, the advantages of which outweighed the risks involved in permitting the photo identification to be revealed (*see People v Silvestre*, 279 AD2d 364 [2001], *lv denied* 96 NY2d 763 [2001]). In any event, even if we were to find that counsel erred in each of the three respects defendant argues on appeal, we would find that defendant was not prejudiced and that his right to a fair trial was not compromised. Concur—Tom, J.P., Saxe, Nardelli, Williams and Gonzalez, JJ.