THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD J. McGARY, Appellant. [816 NYS2d 267]—

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered August 24, 2001. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, assault in the second degree, aggravated criminal contempt and criminal possession of a weapon in the fourth degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and assault in the second degree (§ 120.05 [2]). Contrary to the contention of defendant, he was not denied his constitutional and statutory right to be present at all material stages of the trial. Here, the record establishes that the conferences at issue "involv[ed] matters of law or procedure that [had] no potential for meaningful input from" defendant (*People v DePallo*, 96 NY2d 437, 443 [2001]; *see generally People v Williams [Mike]*, 85 NY2d 945 [1995]; *People v Horan*, 290 AD2d 880, 883-884 [2002], *lv denied* 98 NY2d 638 [2002]). We note in addition that defendant had no right to be present at that part of the pretrial conference concerning scheduling issues (*see People v DeLong*, 206 AD2d 914, 915 [1994]). Contrary to the further contention of defendant, the People met their burden of establishing by a preponderance of the evidence that he was competent to stand trial (*see People v Mendez*, 1 NY3d 15, 19-20 [2003]; *People v Carter*, 192 AD2d 669 [1993], *lv denied* 82 NY2d 707 [1993]). According to the two experts who testified for the People, defendant was able to understand the proceedings and assist in his defense (*see People v Brown*, 4 AD3d 886, 886-887 [2004], *lv denied* 3 NY3d 637 [2004]).

Defendant failed to object to the prosecutor's cross-examination of a defense witness concerning the witness's prior criminal conviction and therefore failed to preserve for our review his present contention that County Court erred in allowing that cross-examination (*see* CPL 470.05 [2]; *People v Bent*, 160 AD2d 1176, 1178 [1990], *lv denied* 76 NY2d 937 [1990]). In any event, the cross-examination was not improper (*see generally People v Ayrhart [Joel]*, 101 AD2d 703, 704 [1984]). The sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that they are without merit. Present—Kehoe, J.P., Gorski, Martoche, Smith and Pine, JJ.