■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID IGLESIAS, Appellant. [850 NYS2d 100]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered October 5, 2006, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a second felony offender, to a term of five years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). There is no basis for disturbing the jury's determinations concerning identification. Each of the two identifying witnesses had an extensive opportunity to observe defendant at the time of the crime.

Defendant's ineffective assistance of counsel claim is unre-

viewable on direct appeal because it involves matters outside the record concerning counsel's strategic decisions (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). To the extent the existing record permits review, it establishes that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). Defense counsel's decision to permit introduction of testimony concerning photographic identifications appears to have been part of a legitimate strategy aimed at establishing that the identification testimony was unreliable and the product of police suggestion (see People v Pennington, 27 AD3d 269 [2006], lv denied 6 NY3d 897 [2006]; People v Silvestre, 279 AD2d 364, 365 [2001], lv denied 96 NY2d 763 [2001]). Although counsel inadvertently elicited a detective's belief that defendant had a prior arrest for robbery, the court minimized any prejudice by immediately striking that response. Concur—Andrias, J.P., Nardelli, Williams, Catterson and Moskowitz, JJ.