THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANNE TROVATO, Appellant. [891 NYS2d 453]—

The defendant's contention that two civilians, one of whom was her aunt, acted as agents of the police when they obtained statements from her in violation of her right to counsel is without merit. With respect to recordings of telephone calls made by the defendant's aunt, the conduct of the defendant's aunt was not "so pervaded by governmental involvement that it los[t] its character as [private conduct] and invoke[d] the full panoply of constitutional protections" (*People v Ray*, 65 NY2d 282, 286 [1985]). Instead, the telephone calls were made by a person acting privately, and did not "fall within the ambit of this exclusionary rule" (*People v Velasquez*, 68 NY2d 533, 537 [1986]). The defendant's aunt was not acting "at the instigation or under the supervision of the police" in providing the recordings of the telephone calls (*People v Jean*, 13 AD3d 466, 467

[2004]; *see People v Carvalho*, 60 AD3d 1394, 1395 [2009]; *People v Johnson*, 303 AD2d 830, 832-834 [2003]; *People v Lewis*, 273 AD2d 254 [2000]). The recordings were unsolicited by the police, and were made without "promise or inducement" by the police (*People v Melendez*, 285 AD2d 819, 822 [2001]).

The other civilian who the defendant contends acted as an agent of the police did not testify at the trial, and no evidence that may have been obtained from her by the police was offered in evidence. Thus, there was no violation of the defendant's right to counsel (*cf. People v Burchard*, 20 AD3d 818, 820 [2005]).

The defendant failed to show that her trial counsel's tactics, which opened the door to the admission of certain evidence that had been previously precluded by the County Court, lacked legitimate strategic purposes (*see People v Caban*, 5 NY3d 143, 152 [2005]), and that the risks of opening the door to such evidence outweighed its tactical advantages (*see People v Pennington*, 27 AD3d 269, 270 [2006]; *People v Taylor*, 300 AD2d 746, 748 [2002]; *People v Silvestre*, 279 AD2d 364, 365 [2001]). The fact that trial counsel's tactics were unsuccessful does not constitute ineffective assistance of counsel (*see People v Henry*, 95 NY2d 563, 565 [2000]; *People v Rivera*, 71 NY2d 705, 708 [1988]; *People v Baldi*, 54 NY2d 137, 146-147 [1981]; *People v Joseph*, 201 AD2d 506 [1994]). Moreover, the defendant's contention that her trial counsel was ineffective because he failed to reconsider a psychiatric defense which the defendant had specifically withdrawn on the record is without merit (*see People v Thomas*, 247 AD2d 284 [1998]; *see also People v Petrovich*, 87 NY2d 961 [1996]; *People v Constas*, 59 AD3d 729, 729-730 [2009]). Viewing the record as a whole, we find that the defendant received meaningful representation (*see People v Henry*, 95 NY2d at 565; *People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Orcutt*, 49 AD3d 1082, 1087 [2008]).

Contrary to the defendant's contention, the County Court properly refused to charge the affirmative defense of extreme emotional disturbance. The defendant's behavior "immediately before and after the killing was inconsistent with the loss of control associated with the affirmative defense" (*People v Murden*, 190 AD2d 822, 822 [1993]). The defendant failed to establish both the subjective and objective elements of the defense of extreme emotional disturbance (*see People v Smith*, 1 NY3d 610, 612 [2004]; *People v Roche*, 98 NY2d 70, 75-77 [2002]; *People v Harris*, 95 NY2d 316, 318-320 [2000]). The County Court also correctly declined to charge manslaughter in the first degree as a lesser-included offense of murder in the second degree, as no

reasonable view of the evidence warranted such a charge (*see People v Butler*, 84 NY2d 627, 633-634 [1994]; *People v Ramsey*, 59 AD3d 1046, 1047 [2009]; *People v Tyler*, 43 AD3d 633, 634 [2007]; *People v Bien*, 1 AD3d 442, 443 [2003]; *People v Collins*, 290 AD2d 457, 458 [2002]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of burglary in the second degree beyond a reasonable doubt (*see People v Mackey*, 49 NY2d 274, 280 [1980]; *People v Caston*, 60 AD3d 1147, 1149 [2009]; *People v Ostrander*, 46 AD3d 1217, 1218 [2007]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt on the charge of burglary in the second degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Florio, Miller and Hall, JJ., concur.