■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN LYNCH, Appellant. [938 NYS2d 340]—

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review since he did not raise in the Supreme Court the specific ground that he now raises on appeal (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Burgess*, 75 AD3d 650 [2010]). In any event, the contention is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the trial court did not err in failing to give an intoxication charge to the jury (*see* Penal Law § 15.25). "A defendant may establish entitlement to such a charge 'if the record contains evidence of the recent use of intoxicants of such nature or quantity to support the inference that their ingestion was sufficient to affect defendant's ability to form the necessary criminal intent' " (*People v Sirico*, 17 NY3d 744, 745 [2011], quoting *People v Rodriguez*, 76 NY2d 918, 920 [1990]). Here, viewing the evidence in the light most favorable to the defendant, there is insufficient evidence to support an inference that the defendant was so intoxicated as to be unable to form the requisite criminal intent (*see People v Rodriguez*, 76 NY2d at 921; *see also People v Sirico*, 17 NY3d at 746; *People v Gaines*, 83 NY2d 925, 926-927 [1994]).

Contrary to the defendant's contention, the Supreme Court properly refused to charge the affirmative defense of extreme emotional disturbance. The defendant's behavior " 'immediately before and after the killing was inconsistent with the loss of control associated with the affirmative defense' " (*People v Trovato*, 68 AD3d 1023, 1024 [2009], quoting *People v Murden*, 190 AD2d 822, 822 [1993]). Additionally, even if the defendant offered sufficient evidence of the subjective element of that defense, there was no proof of "a reasonable explanation or excuse" for the alleged emotional disturbance (*People v Roche*, 98 NY2d 70, 76 [2002]). Accordingly, at the least, the defendant failed to establish the objective element of the defense (*id.* at 76; *see People v Murden*, 190 AD2d 822 [1993]; *see also People v Trovato*, 68 AD3d at 1024).

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in allowing challenged postmortem photographs of the victims to be admitted into evidence. Such photographs are admissible "if they tend 'to prove or disprove a disputed or material issue, to illustrate or elucidate other relevant evidence, or to corroborate or disprove some other evidence offered or to be offered' " (*People v Wood*, 79 NY2d 958, 960 [1992], quoting *People v Pobliner*, 32 NY2d 356, 369 [1973], *cert denied* 416 US 905 [1974]; *see People v Sampson*, 67 AD3d 1031, 1032 [2009]). "They should be excluded 'only if [their] sole purpose is to arouse the emotions of the jury and to prejudice the defendant' " (*People v Wood*, 79 NY2d at 960, quoting *People v Pobliner*, 32 NY2d at 370). The photographs in this case were not offered for the sole purpose of arousing the emotions of the jury. Instead, the photographs were properly admitted to illustrate and corroborate the testimony of the medical examiner who performed the autopsy (*see People v Rivera*, 74 AD3d 993 [2010]; *People v Prowse*, 60 AD3d 703 [2009]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 85-86 [1982]).

The defendant's remaining contention does not require reversal (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Skelos, J.P., Balkin, Roman and Sgroi, JJ., concur.