The defendant’s contention that he was deprived of the effective assistance of counsel is without merit. The defendant’s claim is based upon defense counsel’s failure to request a charge of manslaughter in the second degree as a lesser included of *610 fense of murder in the second degree. “What constitutes effective assistance is not and cannot be fixed with yardstick precision, but varies according to the unique circumstances of each representation” (People v Baldi, 54 NY2d 137, 146 [1981]). The critical issue is whether, viewing the evidence, the law, and the circumstances of the case together as of the time of representation, defense counsel provided meaningful representation (see People v Hobot, 84 NY2d 1021 [1995]; People v Benn, 68 NY2d 941 [1986]; People v Baldi, 54 NY2d at 146). Moreover, under the federal standard, to prevail on a claim of ineffective assistance of counsel, a “defendant must show that counsel’s representation fell below an objective standard of reasonableness” and “that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different” (Strickland v Washington, 466 US 668, 688, 694 [1984]; see People v Bodden, 82 AD3d 781 [2011]).
Here, defense counsel was correct in not asking for a charge on manslaughter in the second degree because there is no reasonable view of the evidence that would have supported a finding that the defendant acted recklessly in repeatedly shooting the victim (see People v Henderson, 41 NY2d 233, 235 [1976]; People v Etienne, 250 AD2d 776 [1998]). The defendant was provided with meaningful representation (see People v Benevento, 91 NY2d 708 [1998]; People v Wiggins, 89 NY2d 872 [1996]; People v Hobot, 84 NY2d at 1021; People v Baldi, 54 NY2d at 146; People v Frye, 210 AD2d 503 [1994]; People v Sullivan, 153 AD2d 223 [1990]).
The defendant additionally contends, relying upon the United States Supreme Court’s decision in Presley v Georgia (558 US 209 [2010]), that his right to a public trial was violated when the Supreme Court, Kings County, temporarily excluded observers from the courtroom during initial portions of the voir dire because there was seating available only for the prospective jurors. However, at no point during voir dire did the defendant raise any objection to the temporary closure of the courtroom. Accordingly, the defendant’s claim that his right to a public trial was violated is unpreserved for appellate review (see People v Borukhova, 89 AD3d 194, 225 [2011]; People v George, 79 AD3d 1148 [2010], lv granted 16 NY3d 895 [2011]; People v Alvarez, 76 AD3d 1098 [2010], lv granted 16 NY3d 827 [2011]; People v Varela, 22 AD3d 264, 265 [2005]; People v Vatansever, 5 AD3d 406, 407 [2004]; People v Mojica, 279 AD2d 591, 592 [2001]; cf. People v Garcia, 95 NY2d 946, 947 [2000]), and we decline to review it in the exercise of our interest of justice jurisdiction (see CPL 470.05 [2]).
*611 Since the defendant did not object to the Supreme Court’s initial approach to the handling of a note from the jury, his claim that the Supreme Court did not meaningfully respond to the note is not preserved for appellate review (see CPL 470.05 [2]; People v Kadarko, 14 NY3d 426, 429 [2010]; People v Battle, 15 AD3d 413 [2005]; People v Smith, 255 AD2d 404, 405 [1998]; People v Davis, 223 AD2d 376, 377 [1996]), and we decline to review it in the exercise of our interest of justice jurisdiction (see CPL 470.05 [2]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s remaining contentions are without merit. Skelos, J.P., Florio, Lott and Miller, JJ., concur.