THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ANDERSON, Appellant. [956 NYS2d 142]—

Contrary to the defendant's contention, the People established at the suppression hearing that the police had probable cause to arrest him, based on information provided by a witness (*see People v Nealy*, 32 AD3d 400, 401 [2006]; *People v Banks*, 208 AD2d 759, 759-760 [1994]).

The County Court correctly denied the defendant's request to charge manslaughter in the first degree and manslaughter in the second degree as lesser-included offenses of murder in the second degree. Viewing the evidence in the light most favorable to the defendant (*see People v Martin*, 59 NY2d 704 [1983]), we find that there was no reasonable view of the evidence to support a finding that he intended to cause serious physical injury to the victim rather than kill her (*see* Penal Law § 125.20 [1]; *People v Butler*, 84 NY2d 627, 633-634 [1994]; *People v Sostre*, 70 AD3d 865 [2010]), or that he acted recklessly in repeatedly shooting the victim (*see* Penal Law § 125.15 [1]; *People v Walston*, 97 AD3d 609, 610 [2012]; *People v Spina*, 275 AD2d 902, 904 [2000]; *People v Etienne*, 250 AD2d 776 [1998]).

Furthermore, the County Court properly refused to charge the affirmative defense of extreme emotional disturbance. The defendant's behavior " 'immediately before and after the killing was inconsistent with the loss of control associated with the affirmative defense' " (*People v Trovato*, 68 AD3d 1023, 1024 [2009], quoting *People v Murden*, 190 AD2d 822, 822 [1993]; *see People v Lynch*, 92 AD3d 805, 806 [2012]). The defendant failed to establish both the subjective and objective elements of the

defense of extreme emotional disturbance (*see People v Smith*, 1 NY3d 610, 612 [2004]; *People v Roche*, 98 NY2d 70, 75-77 [2002]; *People v Trovato*, 68 AD3d at 1024). Skelos, J.P., Florio, Hall and Roman, JJ., concur.