■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY WILLIAMS, Appellant. [23 NYS3d 911]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered February 29, 2012, convicting him of murder in the second degree, attempted murder in the second degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to show that his trial counsel's tactics, which included eliciting testimony that the defendant was identified in a photo array by a victim, lacked a legitimate strategic purpose (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Trovato*, 68 AD3d 1023, 1024 [2009]; *People v Pennington*, 27 AD3d 269, 270 [2006]; *People v Taylor*, 300 AD2d 746, 748 [2002]). "The fact that trial counsel's tactics were unsuccessful does not constitute ineffective assistance of counsel" (*People v Trovato*, 68 AD3d at 1024; *see People v Henry*, 95 NY2d 563, 565 [2000]). Viewing the record as a whole, we find that the defendant received meaningful representation

(*see People v Benevento,* 91 NY2d 708, 713-714 [1998]; *People v Baldi,* 54 NY2d 137 [1981]).

The defendant's contention that the Supreme Court considered improper factors in imposing sentence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Texidor,* 123 AD3d 746, 747 [2014]; *People v Garson,* 69 AD3d 650, 652 [2010]). In any event, the contention is without merit. Moreover, the sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Dillon, J.P., Hall, Roman and Duffy, JJ., concur.