■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PERCY BAILEY, Appellant. [37 NYS3d 592]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered February 27, 2012, convicting him of murder in the second degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged, inter alia, with murder in the second degree for stabbing the victim multiple times. The defendant made several incriminating statements to law enforcement officials, as well as a videotaped statement to an assistant district attorney, wherein he admitted, among other things, that he killed the victim.

Prior to jury selection, defense counsel advised the Supreme Court that the defendant was "not going forward with any insanity defense" nor was he "planning on calling any expert witnesses such as doctors to talk about any insanity defense or extreme emotional disturbance." Nevertheless, counsel stated that it was "our belief, after reading the CJI and the accompanying cases, that we could still request of the [c]ourt, at an appropriate time, that the actual—that we may be able to make out, pursuant to the evidence that's even been presented by the People in their case, a request for a charge at that time."

The Supreme Court then inquired, "What about notice?" Defense counsel stated that the "evidence is basically [the defendant's] statement. Not psychiatric testimony regarding his statement, but just an argument about the statement that he made." Defense counsel also stated that he was "going to offer the fact that [the defendant] had been hospitalized." The court stated, "[w]ell, that's something that [the People] should know about and they should be able to respond to."

An off-the-record discussion was then held between the Supreme Court and counsel. Immediately thereafter, defense counsel admitted that the defendant was examined by two doctors and that, after speaking with these doctors, "we made a decision" not to present evidence in that regard because that testimony would have "the potential to actually harm the defense." Defense counsel added, "so we opted at that time to not put in any notice with respect to that." The court then stated, "[s]o, at this time you are asking the [c]ourt to waive the time limitation and serve a notice," and denied the "application" as "untimely."

At the trial, certain statements made by the defendant were introduced as evidence by the People. The defendant testified on his own behalf and, in effect, denied committing the crimes. At a charge conference, defense counsel never requested that an extreme emotional disturbance (hereinafter EED) charge be given to the jury.

Pursuant to CPL 250.10, a defendant must provide notice of intent to offer evidence in connection with the affirmative defense of EED. The Court of Appeals has held that statutory notice is not required where the defendant offers no evidence at trial but requests an EED jury charge based solely upon evidence presented by the People (*see People v Gonzalez*, 22 NY3d 539, 541 [2014]). Relying primarily on *People v Gonzalez*, on appeal, the defendant contends that he was denied the right to a fair trial and the right to present a defense of EED. We reject that contention and affirm the judgment, finding that this case is distinguishable from *Gonzalez* on several grounds.

First, unlike *Gonzalez*, defense counsel herein never made a request at the close of proof that the jury be instructed on EED. Defense counsel's statements to the Supreme Court prior to the beginning of jury selection that he intended to request an EED charge "at an appropriate time" did not preserve for appellate review the defendant's claim that he was, in fact, entitled to an EED charge based upon the proof actually elicited by the People at the trial (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19-22 [1995]). Because the defendant failed to request that the court charge the jury based on the affirmative defense of EED (*see* Penal Law § 125.25 [1] [a]), any failure on the part of the court to so charge does not constitute error (*see* CPL 300.50 [2]; *People v Naqvi*, 132 AD3d 779, 780 [2015]). Additionally, during the colloquy with the court prior to jury selection, defense counsel was unclear as to what evidence would be proffered in support of a possible EED defense. At one point, counsel stated that he would "offer the fact" that the defendant had been hospitalized, which the court interpreted as requiring compliance with the notice requirement of CPL 250.10.

In any event, the Court of Appeals in *Gonzalez* found that the evidence was sufficient to support an EED charge. An EED charge is appropriate if the jury could reasonably conclude from the evidence that, at the time of the homicide, the defendant "was affected by an extreme emotional disturbance, and that [the] disturbance was supported by a reasonable explanation or excuse rooted in the situation as he perceived it" (*People v McKenzie*, 19 NY3d 463, 466 [2012]; *see People v Roche*, 98

NY2d 70, 75-76 [2002]; *People v Harris*, 95 NY2d 316, 319 [2000]). Here, in contrast to *Gonzalez*, there was no reasonable view of the evidence that, at the time of the homicide, the defendant was affected by an EED. In the videotaped statement, the defendant gave a graphic account of his premeditated, deliberate, and calculated acts, which ultimately resulted in the victim's death. Specifically, the defendant stated that he knew he had to kill the victim, that he went to the victim's apartment armed with a knife, and that he stabbed her to death. These facts, as described by the defendant, are entirely inconsistent and incompatible with self-serving assertions that he "lost control" (*see People v King*, 124 AD3d 1064, 1066-1067 [2015]; *People v Anderson*, 101 AD3d 1038 [2012]).

The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, upon matters appearing on the record and, in part, upon matters appearing outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Evans*, 16 NY3d 571, 575 n 2 [2011]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Adamson*, 131 AD3d 701 [2015]; *People v Dorcinvil*, 122 AD3d 874, 878 [2014]).

The defendant's remaining contentions, raised in his pro se supplemental brief, are without merit. Rivera, J.P., Dillon, Chambers and LaSalle, JJ., concur.