■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGELIO THOMAS, Appellant. [39 NYS3d 799]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Braun, J.) rendered July 24, 2014, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

"Upon [a] defendant's request, the Appellate Division must conduct a weight of the evidence review" and, thus, "a defendant will be given one appellate review of adverse factual findings" (People v Danielson, 9 NY3d 342, 348 [2007]). In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Gordon, 132 AD3d 904 [2015]; People v Perez, 120 AD3d 514, 515 [2014]; People v Washington, 108 AD3d 578, 580 [2013]; People v Vasquez, 94 AD3d 915, 916 [2012]).

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel under the New York State

Constitution since, viewing defense counsel's performance in totality, counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Williams*, 136 AD3d 686 [2016]; *People v Myers*, 117 AD3d 755, 756 [2014]; *People v McNeal*, 111 AD3d 652, 653 [2013]; *People v Campbell*, 54 AD3d 959 [2008]; *People v Hyatt*, 2 AD3d 749, 750 [2003]). Further, the defendant was not deprived of the effective assistance of counsel under the United States Constitution (*see Strickland v Washington*, 466 US 668 [1984]). Dillon, J.P., Roman, Hinds-Radix and Duffy, JJ., concur.