■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARSHALL D. JACKSON, Appellant. [60 NYS3d 893]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered March 15, 2012. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of stolen property in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of, inter alia, murder in the second degree (Penal Law § 125.25 [1]), defendant contends that trial counsel was ineffective in failing to proffer evidence in support of the affirmative defense of extreme emotional disturbance (*see* § 125.25 [1] [a]). In support of that contention, defendant relies primarily upon gaps in the trial record, i.e., the absence of testimony from a psychiat-

ric expert for the defense and defense counsel's failure to introduce in evidence defendant's military or medical records. It is not apparent from the record, however, whether defense counsel undertook an adequate investigation into the affirmative defense of extreme emotional disturbance or whether the decision not to present the testimony of a psychiatric expert or defendant's military or medical records was part of a reasonable trial strategy. Inasmuch as defendant's contention is based upon matters outside the record, it is not properly before us on his direct appeal and must be pursued by way of a motion pursuant to CPL article 440 (*see People v Barbuto*, 126 AD3d 1501, 1504 [2015], *lv denied* 25 NY3d 1159 [2015]; *People v Williams*, 124 AD3d 1285, 1286 [2015], *lv denied* 25 NY3d 1078 [2015]).

We reject defendant's further contention that the sentence is unduly harsh and severe. Present—Whalen, P.J., Peradotto, Lindley, NeMoyer and Curran, JJ.