Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered April 21, 2015, adjudicating him a youthful offender, upon a jury verdict finding him guilty of assault in the first degree, and imposing sentence.
 

 Ordered that the judgment is affirmed.
 

 In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
 

 The defendant’s claim that he was deprived of the constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a “mixed claim” of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109 [2011]; see People v Evans, 16 NY3d 571, 575 n 2 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (see People v Williams, 136 AD3d 686, 686 [2016]; People v Cruz, 127 AD3d 987, 988 [2015]). Since the defendant’s claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d 805, 806 [2012]; People v Maxwell, 89 AD3d at 1109; People v Rohlehr, 87 AD3d 603, 604 [2011]).
 

 Hall, J.P., Roman, Cohen and Barros, JJ., concur.