People v Jackson (2022 NY Slip Op 00785)





People v Jackson


2022 NY Slip Op 00785


Decided on February 4, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, AND WINSLOW, JJ.


1102 KA 19-00295

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARSHALL D. JACKSON, DEFENDANT-APPELLANT. 






LELAND D. MCCORMAC, III, INTERIM PUBLIC DEFENDER, UTICA (PATRICK J. MARTHAGE OF COUNSEL), FOR DEFENDANT-APPELLANT.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Oneida County Court (Michael L. Dwyer, J.), dated August 24, 2018. The order denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting defendant upon a jury verdict of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of stolen property in the fourth degree. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law, the motion is granted, the judgment of conviction is vacated, and a new trial is granted.
Memorandum: Defendant was convicted by a jury of murder in the second degree (Penal Law § 125.25 [1]), criminal possession of a weapon in the second degree (§ 265.03 [1] [b]), and criminal possession of stolen property in the fourth degree (§ 165.45 [4]). The conviction arises out of an incident in which defendant, while using a gun that he had stolen, shot and killed a stranger. The proof at trial included two video recordings of the incident in which defendant could be identified as the perpetrator. Defendant and his girlfriend testified for the defense. Defendant testified that he had served nine years in the military, that his service included three tours of active duty in Iraq, and that he was receiving Social Security disability benefits due to a diagnosis of posttraumatic stress disorder (PTSD) following his discharge from the military. He further testified that, when he saw what he believed to be a gun handle in the victim's waistband, his "combat mode really kicked in," and he shot the victim. However, no medical evidence or expert testimony was introduced at trial supporting defendant's PTSD diagnosis or a psychiatric defense, and County Court therefore denied defense counsel's request for a jury charge on the affirmative defense of extreme emotional disturbance (EED).
On his direct appeal from the judgment of conviction, defendant contended that his trial attorney was ineffective in failing to proffer evidence in support of an EED defense. Although we affirmed the judgment, we stated that defendant's contention regarding ineffective assistance of counsel was "based upon matters outside the record . . . and must be pursued by way of a motion pursuant to CPL article 440" (People v Jackson, 153 AD3d 1605, 1606 [4th Dept 2017], lv denied 30 NY3d 1106 [2018]). Thereafter, defendant moved pursuant to CPL 440.10 to vacate the judgment, alleging that defense counsel was ineffective because she failed to obtain defendant's Social Security disability benefit records or have him evaluated by an independent psychiatrist in preparation of an EED defense. After a hearing, the court denied the motion, and a Justice of this Court granted defendant leave to appeal.
"To prevail on his claim that he was denied effective assistance of counsel, defendant must demonstrate that his attorney failed to provide meaningful representation" (People v Caban, 5 NY3d 143, 152 [2005]; see People v Benevento, 91 NY2d 708, 712 [1998]; People v Baldi, 54 NY2d 137, 147 [1981]). A defendant claiming ineffective representation "bears the ultimate [*2]burden of showing . . . the absence of strategic or other legitimate explanations for counsel's challenged actions" (People v Lopez-Mendoza, 33 NY3d 565, 572 [2019] [internal quotation marks omitted]), and it is well settled that the failure to investigate may amount to ineffective assistance (see People v Oliveras, 21 NY3d 339, 348 [2013]).
Defense counsel testified at the CPL article 440 hearing that, in preparing for trial, she requested and received defendant's military records, which indicated that defendant had been diagnosed with PTSD, but she did not request or review records relating to defendant's Social Security disability benefits, even though defendant informed her that he received such benefits. She also accompanied defendant to an interview conducted by the People's expert, who concluded that defendant was not "suffering from active PTSD symptoms during the shooting," but she did not seek an independent expert opinion. Rather than introducing expert or medical evidence, defense counsel attempted to establish an EED defense through the testimony of defendant and his girlfriend. Although defense counsel did not clearly recall the details of the case, and her file had been destroyed, she thought that she might have opted not to introduce defendant's military records at trial because she was uncertain how to lay a foundation for their admissibility.
We conclude on this record that defendant met his burden of establishing that he received less than meaningful representation. Pursuing an EED defense was the best trial strategy for defendant, and defendant demonstrated the absence of any strategic or other legitimate explanation for defense counsel's failure to obtain certain records, her failure to introduce other records in evidence, and her failure to secure an expert to support an EED defense (see generally Oliveras, 21 NY3d at 348). We therefore reverse the order, grant the
motion to vacate the judgment of conviction, and grant defendant a new trial.
Entered: February 4, 2022
Ann Dillon Flynn
Clerk of the Court