People v Werenski (2025 NY Slip Op 02447)

People v Werenski

2025 NY Slip Op 02447

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, OGDEN, NOWAK, AND KEANE, JJ.

143 KA 21-00423

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTOPHER WERENSKI, DEFENDANT-APPELLANT. 

TINA L. HARTWELL, PUBLIC DEFENDER, UTICA (JESSICA P. CUNNINGHAM OF COUNSEL), FOR DEFENDANT-APPELLANT.
TODD C. CARVILLE, DISTRICT ATTORNEY, UTICA (MICHAEL A. LABELLA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered May 29, 2015. The judgment convicted defendant upon a jury verdict of murder in the second degree, criminal possession of a weapon in the third degree, and aggravated criminal contempt. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [1]), in connection with the fatal stabbing of his wife. We affirm.
Defendant did not preserve his contention that County Court erred in failing to charge the jury on extreme emotional disturbance inasmuch as defense counsel never requested that charge at the charge conference (see People v Bailey, 142 AD3d 1096, 1097 [2d Dept 2016], lv denied 28 NY3d 1181 [2017]) and did not object to the charge as given (see People v VanGorden, 147 AD3d 1436, 1440 [4th Dept 2017], lv denied 29 NY3d 1037 [2017]).
Defendant further contends that he received ineffective assistance of counsel. Inasmuch as defendant's contention is based upon matters outside the record, it is not properly before us on direct appeal and must be pursued by way of a motion pursuant to CPL article 440 (see People v Jackson, 153 AD3d 1605, 1606 [4th Dept 2017], lv denied 30 NY3d 1106 [2018]).
Contrary to defendant's contention, his sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court