■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNELL SIMMONS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the court should have instructed the jury to consider the charges of assault in the first degree and attempted murder in the second degree in the alternative, and that the verdict finding defendant guilty of both charges is inconsistent. Defendant did not preserve these issues for review because he neither objected to the court's charge nor objected to the verdict as inconsistent before the jury was discharged *(see, People v Stahl,* 53 NY2d 1048, 1050).

The court properly exercised its discretion in denying defendant's request to disqualify the trial prosecutor so that the prosecutor could testify as a witness for the defense, because defendant did not show a necessity for the prosecutor's testimony *(see, People v Paperno,* 54 NY2d 294, *on remand* 90 AD2d 168; *People v Poplis,* 30 NY2d 85), particularly since the prosecutor offered to stipulate the facts that defendant sought to prove by the prosecutor's testimony.

We find no error in the trial court's denial of defendant's motions to suppress the physical evidence and to suppress the identification testimony of the two victims and of the witness who saw defendant near the scene of the crime.

The consecutive sentencing of defendant was permissible because the shootings of the two victims were separate acts *(see, People v Truesdell,* 70 NY2d 809, 811; *People v Brathwaite,* 63 NY2d 839, 843, *on remand* 106 AD2d 509) and we do not find it to be harsh and excessive.

We have reviewed the other issues raised by defendant and we find them to be without merit. (Appeal from judgment of Erie County Court, La Mendola, J.—attempted murder, second degree, and other charges.) Present—Callahan, J. P., Boomer, Pine, Lawton and Davis, JJ.