■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAUL RUIZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heller, J.), rendered July 14, 1986, convicting him of criminal possession of stolen property in the first degree, unauthorized use of a vehicle in the third degree, reckless endangerment in the first degree, and criminal mischief in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing the conviction for criminal mischief in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of the crimes of which he was convicted, with the exception of criminal mischief in the third degree.

With respect to the charge of reckless endangerment in the first degree, the evidence established that after being stopped by the police, the defendant fled and drove an automobile in the wrong direction on a one-way street on which other automobiles were traveling, with pedestrians in the vicinity. He reached a speed of 60 to 70 miles per hour before crashing into a parked car. On this evidence, the jury properly found that the defendant created a grave risk of death to another *(see,* Penal Law § 120.25).

Turning to the defendant's conviction of criminal possession of stolen property in the first degree, this court has held that "[t]he prosecution must establish the market value of the stolen property at the time and place of the crime or the cost of replacement within a reasonable time thereafter (Penal Law § 155.20)" *(People v James,* 111 AD2d 254, 255, *affd* 67

NY2d 662). Value may be "established by proof of the original cost of the item reduced to reflect the actual condition of the property, in terms of how long it has been used and its state or utility or damage" *(People v Corbett,* 129 AD2d 433, 435, *appeal dismissed* 70 NY2d 870). The People's expert established that the automobile in question, if in good condition, would have been worth $2,350. However, before it was stolen it had already sustained $400 to $500 worth of damage. Accordingly, the value of the vehicle was calculated by reducing the sum of $2,350 by $500 to reflect its actual condition at the time the defendant came into possession. The difference, $1,850, exceeded the $1,500 minimum required to sustain a conviction of criminal possession of stolen property in the first degree (Penal Law former § 165.50).

The defendant's contention that the People failed to prove the elements of criminal mischief in the third degree (Penal Law § 145.05), has not been preserved for appellate review as a matter of law *(People v Cardona,* 136 AD2d 556, 557, *lv denied* 70 NY2d 1004). However, we find that the defendant's conviction on that charge should be reversed in the exercise of our interest of justice jurisdiction (CPL 470.15 [6]). Criminal mischief in the third degree requires that the defendant intend to damage the property of another *(see,* Penal Law § 145.05). The element of intent was not established here, where the damage was caused when the defendant, while fleeing from police officers, recklessly disregarded a substantial and unjustifiable risk that he would cause damage to the vehicle he was driving *(see, People v Heinsohn,* 61 NY2d 855; Penal Law § 15.05 [3]).

Upon the exercise of our factual review power, we find that the verdict with respect to the remaining charges was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's claim that the court erred in refusing to allow him to call an alibi witness to testify at trial is without merit. The defendant concedes that he failed to serve the notice of alibi required by CPL 250.20 (1). The court could have, in its discretion, received such testimony (CPL 250.20 [3]). We conclude, however, in view of the overwhelming evidence of guilt, that the exclusion of the proffered testimony did not constitute an improvident exercise of that discretion.

The defendant's remaining contention is not preserved for appellate review *(see, People v Osuna,* 65 NY2d 822) and, in any event, is without merit. Thompson, J. P., Brown, Eiber and Rosenblatt, JJ., concur.