■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY YARBOUGH, Appellant. [646 NYS2d 353] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered March 15, 1994, convicting him of murder in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of three counts of murder in the second degree for killing his mother, sister, and his sister's friend. Prior to his trial, the codefendant, Sharif Wilson, was convicted of three counts of murder in the second degree for his participation in the crimes and faced a lengthy sentence. Wilson testified against the defendant after the People promised him a significant reduction in his sentence. The defendant contends that the court erred in permitting the People

to introduce the codefendant's videotaped confession, in which he implicated the defendant, as a prior consistent statement. We disagree since the defense counsel's cross-examination of the codefendant suggested that he was motivated to testify falsely against the defendant by the recent promise of a reduced sentence *(see, People v McClean,* 69 NY2d 426; *see also, People v McDaniel,* 81 NY2d 10; *People v Baker,* 23 NY2d 307).

During the trial, the defense counsel cross-examined a prosecution witness about the defendant's reputation in the community and elicited, *inter alia,* that he had a reputation for peacefulness. The court held a conference in chambers in which it ruled that the defense counsel had opened the door to questioning by the People regarding this witness's knowledge of prior bad acts by the defendant and requested an offer of proof from the prosecutor. The defendant contends that his absence from this conference violated his right to be present at a material stage of the trial and requires a reversal of his conviction. The record does not indicate whether, in fact, the defendant was absent from this conference. In any event, we conclude that the defendant's contention is without merit.

Whether the defense counsel opened the door to cross-examination of this witness regarding particular incidents involving the defendant was a purely legal issue, and the defendant's presence was not required *(see, People v Dickerson,* 87 NY2d 914; *People v Rodriguez,* 85 NY2d 586). Under the circumstances of this case, the defendant's presence at the balance of the conference, when the prosecutor made her offer of proof, was not required as his presence "would [have been] useless, or the benefit but a shadow" *(Snyder v Massachusetts,* 291 US 97, 106-107; *People v Velasco,* 77 NY2d 469, 473). Since the defendant placed his character in the community at issue, the relevant consideration was not the truth or falsity of the particular event involving the defendant but the witness's qualification to speak about the defendant's reputation. If the witness had heard of a particular event which was likely to injure the defendant's reputation, the credibility of the witness's opinion as to his good reputation might be impaired *(see, People v Kuss,* 32 NY2d 436, 444, *cert denied* 415 US 913; Prince, Richardson on Evidence § 4-406 [Farrell 11th ed]). The issue before the court therefore was whether the prosecutor had a good-faith basis for her questions of the witness.

The prosecutor established a good-faith basis for the questions she proposed to ask the witness, as she relied on information revealed during the *Sandoval* hearings, at which the defendant was present, and on the defendant's school records,

Ultimately, the prosecutor only questioned the witness about incidents which were the subject of *Sandoval* hearings. Accordingly, we conclude that the defendant's presence at this conference would not have had "a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge" *(Snyder v Massachusetts, supra,* at 105-106).

The defendant's remaining contentions are without merit. Miller, J. P., O'Brien, Goldstein and McGinity, JJ., concur.