■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM NICOSIA, Appellant. [795 NYS2d 335]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered July 23, 2003, convicting him of criminally negligent homicide, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

On April 6, 2002, the defendant shot and killed his friend while practicing a military maneuver. During the trial, the defense attorney cross-examined a prosecution witness about the defendant's reputation for safety with guns. The Supreme Court ruled that this opened the door to questioning by the prosecutor about whether the witness heard of a prior incident in which the defendant discharged a gun in the direction of friends.

Although the evidence was precluded after a *Molineux* hearing (*see People v Molineux,* 168 NY 264 [1901]), we find that the Supreme Court providently exercised its discretion in allowing the prosecutor, at trial, to question the witness about whether he had heard of the prior incident (*see People v Rojas,* 97 NY2d 32 [2001]). The defense attorney opened the door to the previously-precluded evidence by eliciting testimony from the witness about the defendant's good reputation for safety (*see People v Yarbough,* 229 AD2d 605 [1996]). Moreover, the prosecutor merely inquired into whether the witness's depiction of the defendant's reputation was accurate, not the truth or falsity of the prior incident (*see People v Yarbough, supra; People v Kuss,* 32 NY2d 436, 443 [1973], *cert denied* 415 US 913 [1974]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. S. Miller, J.P., Santucci, Goldstein and Spolzino, JJ., concur.