THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY J. TERBORG, Appellant. [825 NYS2d 897]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered November 24, 2004. The judgment convicted defendant, upon a jury verdict, of criminal possession of stolen property in the fourth degree, criminal mischief in the fourth degree and unauthorized use of a vehicle in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the facts and on the law by reversing that part convicting defendant of criminal mischief in the fourth degree and dismissing count two of the indictment and as modified the judgment is affirmed, and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [5]), criminal mischief in the fourth degree (§ 145.00 [1]) and unauthorized use of a vehicle in the third degree (§ 165.05 [1]). Contrary to defendant's contention,

the verdict is not against the weight of the evidence with respect to the count charging criminal possession of stolen property (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence with respect to the conviction of criminal mischief (*see People v Gray*, 86 NY2d 10, 19 [1995]), and that contention is lacking in merit in any event (*see Matter of Carlos M.*, 32 AD3d 686, 687 [2006]; *People v Bodine*, 231 AD2d 840 [1996], *lv denied* 89 NY2d 862 [1996]; *see generally Bleakley*, 69 NY2d at 495). We conclude, however, that the verdict is against the weight of the evidence with respect to criminal mischief because the jury failed to give the evidence the weight it should be accorded on the issue of defendant's intent (*see generally Bleakley*, 69 NY2d at 495). Although defendant may have acted recklessly with respect to the result, i.e., the damage to the victim's car, the evidence weighs heavily in favor of a finding that defendant did not specifically intend to damage the car (*see People v Ruiz*, 159 AD2d 656, 657 [1990], *lv denied* 76 NY2d 742 [1990]; *cf. People v Gianni*, 303 AD2d 1012 [2003], *lv denied* 100 NY2d 581 [2003]). We therefore modify the judgment by reversing that part convicting defendant of criminal mischief in the fourth degree and dismissing count two of the indictment (*see Ruiz*, 159 AD2d at 657).

We further agree with defendant that County Court erred in denying his request for a *Wade* hearing. The confirmatory identification exception applicable to showup identifications by police officers is confined to those "instances when, as a matter of law, the identification at issue could not be the product of undue suggestiveness" (*People v Boyer*, 6 NY3d 427, 431 [2006]; *see People v Rodriguez*, 79 NY2d 445, 449-450 [1992]). Here, the "initial police viewing . . . was fleeting, unreliable and susceptible of misidentification" (*Boyer*, 6 NY3d at 429), and it is not "clear that the identification could not be mistaken" as a matter of law (*id.* at 432; *see People v Pittman*, 31 AD3d 469, 470 [2006]; *Matter of Kendell F.*, 30 AD3d 601, 602 [2006]). As a result of the error, we remit the matter to County Court "for a *Wade* hearing to determine whether any police suggestiveness tainted the identification procedure. If so, defendant is entitled to a new trial [on counts one and three of the indictment] and such further proceedings as the circumstances may warrant. If the People are successful at the *Wade* hearing, the judgment of conviction and sentence should be amended to reflect that result" (*People v Dixon*, 85 NY2d 218, 225 [1995]; *see People v Brown*, 86 NY2d 728, 729 [1995]; *People v Mato*, 83 NY2d 406, 410-411 [1994]).

We have considered defendant's remaining contentions and

conclude that they are without merit. Present—Hurlbutt, J.P., Smith, Centra and Pine, JJ.