THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY J. TERBORG, Appellant. [860 NYS2d 340]—

Appeal from an amended judgment of the Monroe County Court (Richard A. Keenan, J.), rendered April 23, 2007. The amended judgment convicted defendant, upon a jury verdict, of criminal possession of stolen property in the fourth degree and unauthorized use of a vehicle in the third degree.

It is hereby ordered that the amended judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an amended judgment convicting him following a jury trial of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [5]) and unauthorized use of a vehicle in the third degree (§ 165.05 [1]). On a prior appeal, we modified the original judgment by reversing that part convicting defendant of criminal mischief in the fourth degree (§ 145.00 [1]) and dismissing that count, and we remitted the matter to County Court for a *Wade* hearing to determine whether any police suggestiveness tainted a police officer's showup identification of defendant (*People v Terborg*, 35 AD3d 1169, 1170 [2006], *lv denied* 8 NY3d 927 [2007]). On remittal, the court determined following a *Wade* hearing that the showup identification procedure was not impermissibly suggestive and that "there was . . . virtually no chance" of misidentification, and defendant now appeals from the amended judgment rendered following that hearing. We affirm.

Showup identification procedures are permissible "if the suspects are captured at or near the crime scene and can be viewed by the witness immediately" (*People v Riley*, 70 NY2d 523, 529 [1987]; *see People v Amin*, 294 AD2d 863 [2002], *lv denied* 98 NY2d 672 [2002]). Defendant was apprehended only 20 minutes after he initially fled from the police, and the showup identification procedure, which was conducted approximately one-half mile from the location where the officer initially observed defendant, was "the culmination of an unbroken chain of exigent events" (*People v Davis*, 232 AD2d 154, 154 [1996], *lv*

*denied* 89 NY2d 941, 1091 [1997]; *see People v Jackson*, 281 AD2d 906, 907 [2001], *lv denied* 96 NY2d 920 [2001]; *People v Boyd*, 272 AD2d 898, 899 [2000], *lv denied* 95 NY2d 850 [2000]). Although we agree with defendant that the court erred in admitting in evidence at the post-trial *Wade* hearing the transcript of the pretrial suppression hearing (*see* CPL 670.10 [1]; *People v Ayala*, 75 NY2d 422, 429-430 [1990], *rearg denied* 76 NY2d 773 [1990]), we nevertheless conclude that reversal is not required inasmuch as the court stated that its conclusion following the *Wade* hearing was "inescapable even based solely on the *Wade* hearing testimony." Present—Hurlbutt, J.P., Martoche, Smith, Green and Pine, JJ.