The defendant’s contention that the evidence of identification was legally insufficient to support his conviction is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s identity beyond a reasonable doubt (see Jackson v Virginia, 443 US 307 [1979]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant further contends that the sentencing court was unaware of the permissible range of periods of postrelease supervision (hereinafter PRS), and therefore may have imposed a lengthier period than it otherwise would have. Although the defendant’s counsel misspoke at the sentencing hearing, stating that there “will be” 5 years of PRS, the record gives no indication that the court was unaware of its authority to impose PRS within the applicable range of 21/2 to 5 years (see Penal Law § 70.45 [2] [f]; cf. People v Henry, 78 AD3d 861, 862 [2010]). The court’s statements on the record reflect that it appropriately considered relevant factors in exercising its discretion in imposing a sentence which included a five-year period of PRS (see *903 People v Farrar, 52 NY2d 302, 305 [1981]). Accordingly, the defendant failed to overcome the presumption that the sentencing court knew the permissible range of periods of PRS, and we therefore find no basis to remit the matter for resentencing (cf. People v Stewartson, 63 AD3d 966, 967 [2009]).
The defendant’s remaining contention is without merit. Mastro, J.P., Angiolillo, Sgroi and Miller, JJ., concur.