■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUENTER R. WENDE, Appellant. [996 NYS2d 672]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered February 1, 2012, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Hinrichs, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The County Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. Probable cause to arrest does not require proof beyond a reasonable doubt (*see People v Bigelow*, 66 NY2d 417, 423 [1985]), but, rather, requires "the existence of facts and circumstances which, when viewed as a whole, would lead a reasonable person possessing the same expertise as the arresting officer to conclude that an offense has been or is being committed, and that the defendant committed or is committing that offense" (*People v Wright*, 8 AD3d 304, 306 [2004]; *see People v Bigelow*, 66 NY2d at 423). Here, the evidence at the suppression hearing supported the hearing court's determination that, at the time the detectives investigating the stabbing death of the victim approached the defendant and asked to speak with him, it was reasonable for them to conclude, based

on all the information they gathered during the investigation, that it was more probable than not that the defendant killed the victim (*see People v Capela*, 97 AD3d 760, 761 [2012]; *People v Wright*, 8 AD3d at 307). Thus, the detectives possessed probable cause to arrest the defendant when they brought him to police headquarters, and his subsequent statements to them cannot be deemed the fruit of the poisonous tree subject to the exclusionary rule. Moreover, the People established beyond a reasonable doubt that the defendant's statements to the detectives were made voluntarily and were not coerced by the detectives' use of physical force (*see People v Anderson*, 42 NY2d 35, 38 [1977]; *People v Capela*, 97 AD3d at 761; CPL 60.45 [2] [a]).

The defendant's challenge to the legal sufficiency of the evidence supporting his conviction is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The County Court providently exercised its discretion in permitting the prosecutor to elicit testimony from a police witness at trial that the defendant refused to take a polygraph examination during his interrogation by detectives. Prior to that witness, defense counsel opened the door to this testimony during his cross-examination of Detective Susan Nolan, who testified with respect to the defendant's statements to the police (*see People v Massie*, 2 NY3d 179, 184 [2004]; *People v Melendez*, 55 NY2d 445, 451-452 [1982]).

The County Court providently exercised its discretion in allowing certain autopsy photographs of the victim to be admitted into evidence. The "sole purpose" of the challenged photographs was not "to arouse the emotions of the jury and to prejudice the defendant" (*People v Pobliner*, 32 NY2d 356, 370 [1973]; *see People v Byrd*, 116 AD3d 875, 876 [2014]). Rather, they were properly admitted to illustrate and corroborate the testimony of the medical examiner who performed the autopsy (*see People v*

*Lynch*, 92 AD3d 805, 806 [2012]; *People v Rivera*, 74 AD3d 993, 994 [2010]; *People v Rhodes*, 49 AD3d 668, 669-670 [2008]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 85-86 [1982]). Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.