*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 18, 2015                    105726
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

KHARI COLEY,
                        Appellant.
_____

Calendar Date:  April 30, 2015

Before:  Lahtinen, J.P., Garry, Egan Jr. and Rose, JJ.

_____

        Salvatore Adamo, Albany, for appellant.

        D. Holley Carnright, District Attorney, Kingston (Joshua J.
Povill of counsel), for respondent.

_____

Rose, J.

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered February 15, 2013, upon a verdict
convicting defendant of the crime of robbery in the second degree
(three counts).

        The victim, a delivery person for a Chinese restaurant, was
attacked and robbed by two men, one of whom brandished what
appeared to be a handgun.  The following morning, the
investigation of the crime led police to the residence of
defendant's girlfriend, where defendant was found hiding in a
bedroom closet.  He then voluntarily accompanied detectives to
the police station where he was questioned and eventually
admitted that, on the night of the robbery, he had possessed a BB
gun that was later recovered from the same closet were he had

been found.  Defendant was indicted on three counts of robbery in the second degree and, after a jury trial, he was convicted of all three counts.  He was sentenced, as a second felony offender, to an aggregate prison term of 15 years, followed by five years of postrelease supervision.  He now appeals.

Defendant argues that the entirety of his videotaped interview with two police detectives should have been suppressed on the ground that he was subjected to custodial interrogation without first being informed of his Miranda rights.  Following a Huntley hearing and a review of the videotape, County Court determined that defendant's interview was noncustodial for the first 12 minutes, but thereafter became custodial as the detectives' questioning grew more accusatory and confrontational in nature.  The court suppressed defendant's statements to police after that point, as no Miranda warnings had yet been given.  Mindful that County Court's findings regarding defendant's custodial status are entitled to great deference, we are not persuaded that the court abused its discretion in allowing the first 12 minutes of defendant's videotaped interview with police to be played at trial (see People v Yukl, 25 NY2d 585, 588, 591-592 [1969], cert denied 400 US 851 [1970]; People v Phillips, 55 AD3d 1145, 1148 [2008], lv denied 11 NY3d 899 [2008]; People v Aldrich, 243 AD2d 856, 857 [1997], lv denied 91 NY2d 888 [1998]).  Further, we agree with County Court that defendant was not deprived of his right to counsel during the interview, inasmuch as defendant was not in custody on his pending, unrelated charges for which he had legal representation.  He was, therefore, free to waive his right to counsel in the instant matter (see People v Steward, 88 NY2d 496, 501-502 [1996]; People v Lawrence, 1 AD3d 625, 626 [2003], lv denied 1 NY3d 630 [2004]).

Defendant also argues that Supreme Court erred in denying his pretrial motion to suppress his in-court and out-of-court identification by the victim.  Defendant's argument is misplaced, however, as it is based upon an incorrect chronology of the police investigation and subsequent proceedings before County Court.  The record clearly establishes that the victim's photo array identification of defendant occurred nearly two weeks prior to the preliminary hearing and, thus, the victim's failure to identify defendant at the preliminary hearing did not affect the

propriety of the photo array. Nor is there any other evidence that the photo array was conducted in a suggestive manner. Further, the issue of the victim's inconsistency in his ability to identify defendant was thoroughly reviewed on cross-examination and during summation, and we defer to the jury's assessment of the victim's credibility (see People v Bateman, 124 AD3d 983, 985 [2015], lv denied 25 NY3d 949 [2015]; People v Casey, 61 AD3d 1011, 1013 [2009], lv denied 12 NY3d 913 [2009]).

Turning to defendant's contention that he was denied the effective assistance of counsel, we must determine whether "'the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation'" (People v Benevento, 91 NY2d 708, 712 [1998], quoting People v Baldi, 54 NY2d 137, 147 [1981]). Meaningful representation simply requires that defense counsel's efforts reflect that of a reasonably competent attorney (see People v Oathout, 21 NY3d 127, 128 [2013]; People v Chappelle, 126 AD3d 1127, 1129 [2015]). Here, defendant alleges that he was deprived of meaningful representation when, during cross-examination of a police detective who was involved in the investigation of defendant, defense counsel asked the detective why the BB gun, which had been discovered in the same location where police first encountered defendant the morning after the robbery, was not tested for DNA evidence. While this question opened the door for the People to introduce defendant's previously suppressed admission that he had possessed the weapon, earlier testimony from other witnesses had implicitly established that defendant possessed the BB gun on the night of the robbery. Furthermore, defense counsel successfully argued that only a portion of defendant's previously suppressed statement should be admitted into evidence, and County Court issued an appropriate limiting instruction. Inasmuch as the totality of the record otherwise reflects that defense counsel provided reasonably competent representation to defendant (see People v Colburn, 123 AD3d 1292, 1297 [2014], lv denied 25 NY3d 950 [2015]; People v Valverde, 122 AD3d 1074, 1078 [2014]; People v Cioto, 80 AD3d 875, 876 [2011], lv denied 16 NY3d 829 [2011]), we conclude that he received meaningful representation.

We reject defendant's argument that his sentence was excessive. Although the maximum allowable sentence was imposed (see Penal Law §§ 70.06 [3] [c]; 160.10 [1]; [2] [a], [b]), County Court considered appropriate factors, including the violent nature of the crime, defendant's lack of remorse and his extensive criminal history. Our review reveals no extraordinary circumstances warranting a reduction of its length (see People v Griffin, 122 AD3d 1068, 1071 [2014]; People v Card, 115 AD3d 1007, 1009 [2014], lv denied 23 NY3d 961 [2014]; People v Murphy, 66 AD3d 1234, 1236-1237 [2009]). Finally, we have considered defendant's claims regarding County Court's Sandoval ruling and the sufficiency and weight of the evidence, and find them to be without merit.

Lahtinen, J.P., Garry and Egan Jr., JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court