■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK ROBERSON, Appellant. [20 NYS3d 383]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered March 13, 2013, convicting him of burglary in the second degree, criminal mischief in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of a fair trial because the People, in violation of the Supreme Court's suppression order, elicited testimony from the complainant that she recognized the defendant as the burglar at the scene of the arrest. This contention is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]). In any event, the subject testimony, which was elicited during the redirect examination of the complainant, did not deprive the defendant of a fair trial, since defense counsel opened the door to this issue on cross-examination (*see People v Massie*, 2 NY3d 179, 180 [2004]; *People v Melendez*, 55 NY2d 445 [1982]; *People v Wende*, 122 AD3d 884 [2014]; *People v Prowse*, 60 AD3d 703 [2009]).

Moreover, we reject the defendant's contention that his trial counsel's decision to open the door to the admission of this previously suppressed evidence denied him the effective assistance of counsel. The defendant failed to show that his trial counsel's tactics lacked a legitimate strategic purpose and that the risks of opening the door to such evidence outweighed its tactical advantages (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Trovato*, 68 AD3d 1023, 1024 [2009]; *People v Pennington*, 27 AD3d 269, 270 [2006]; *People v Taylor*, 300 AD2d 746, 748 [2002]). "The fact that trial counsel's tactics were unsuccessful does not constitute ineffective assistance of counsel" (*People v Trovato*, 68 AD3d at 1024; *see People v Henry*, 95 NY2d 563, 565 [2000]). Indeed, viewing the record as a

whole, we find that the defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Clemente*, 84 AD3d 829, 830-831 [2011]; *People v Charles*, 57 AD3d 556, 556 [2008]; *People v Gill*, 54 AD3d 965, 966 [2008]). In any event, the challenged remarks were either fair comment on the evidence, responsive to the arguments presented in defense counsel's summation, reasonable inferences drawn from the evidence, or within the broad bounds of permissible rhetorical comment (*see People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v McDonald*, 82 AD3d 1125 [2011]).

The defendant's contention that the evidence was legally insufficient to support the conviction of criminal mischief in the fourth degree is also unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]; *People v Wende*, 122 AD3d 884 [2014]; *People v Judge*, 101 AD3d 902 [2012]; *People v McDaniel*, 84 AD3d 1410 [2011]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to support that conviction (*see People v Douglas*, 291 AD2d 455 [2002]; *People v Bodine*, 231 AD2d 840 [1996]; *see generally Matter of Carlos M.*, 32 AD3d 686, 687 [2006]). Moreover, upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on that count was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Douglas*, 291 AD2d 455 [2002]; *cf. People v Terborg*, 35 AD3d 1169 [2006]). Mastro, J.P., Dickerson, Austin and Maltese, JJ., concur.