People v Pearson (2021 NY Slip Op 01646)





People v Pearson


2021 NY Slip Op 01646


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, WINSLOW, AND BANNISTER, JJ.


932 KA 17-00556

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTOPHER PEARSON, DEFENDANT-APPELLANT. 






PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.
CHRISTOPHER PEARSON, DEFENDANT-APPELLANT PRO SE.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered September 29, 2016. The judgment convicted defendant upon a jury verdict of attempted murder in the second degree, attempted assault in the first degree and assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), attempted assault in the first degree
(§§ 110.00, 120.10 [1]), and assault in the second degree (§ 120.05 [2]).
Defendant contends in his main and pro se supplemental briefs that the evidence is legally insufficient to establish that he had the intent to cause the death of the victim or the intent to cause serious physical injury to the victim. By failing to renew his motion for a trial order of dismissal after presenting evidence, defendant failed to preserve his challenge to the legal sufficiency of the evidence (see People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]; People v Hunt, 185 AD3d 1531, 1532 [4th Dept 2020]). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the conviction of attempted murder in the second degree and attempted assault in the first degree is based on legally sufficient evidence (see People v Caldwell, 98 AD3d 1272, 1272-1273 [4th Dept 2012], lv denied 20 NY3d 985 [2012]; People v Payne, 71 AD3d 1289, 1291-1292 [3d Dept 2010], lv denied 15 NY3d 777 [2010]). The evidence submitted by the People established that defendant and another man went to the victim's house, where defendant and the victim had a verbal argument. Defendant then directed the other man to "shoot that bitch." The victim and two witnesses testified that the man with defendant fired in the victim's direction multiple times, striking her once. The victim was standing on her porch, and the man firing the gun was standing close by in the street. The jury could thereby infer from the evidence a shared intent to cause the victim's death and to cause serious physical injury (see People v Harper, 132 AD3d 1230, 1232 [4th Dept 2015], lv denied 27 NY3d 998 [2016]; People v Menese, 210 AD2d 22, 22-23 [1st Dept 1994], lv denied 85 NY2d 912 [1995]; see generally People v Steinberg, 79 NY2d 673, 682 [1992]). In addition, viewing the evidence in light of the elements of the crimes of attempted murder in the second degree and attempted assault in the first degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that the verdict with respect to those crimes is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant contends in his main brief that the verdict is inconsistent insofar as the jury found him guilty of both the attempted murder count and the attempted assault count. He further contends in his main and pro se supplemental briefs that County Court should have submitted [*2]those counts to the jury in the alternative. Defendant's contentions are not preserved for our review because he did not object to the court's charge and did not object to the verdict as inconsistent before the jury was discharged (see People v Simmons, 155 AD2d 893, 893 [4th Dept 1989], lv denied 75 NY2d 818 [1990]). In any event, defendant's contentions are without merit. "One may harbor, at the same time, both an intent to cause serious physical injury and an intent to cause death" (People v McDavis, 97 AD2d 302, 305 [4th Dept 1983], lv denied 61 NY2d 910 [1984]).
Defendant's contention in his main brief that he was denied due process of law when a witness made an in-court identification of him despite the fact that the court precluded that identification as the result of an unduly suggestive pretrial identification is not preserved for our review (see People v Roberson, 133 AD3d 793, 793 [2d Dept 2015], lv denied 27 NY3d 968 [2016]). In any event, the error is harmless inasmuch as the evidence is overwhelming and there is no reasonable possibility that the error might have contributed to defendant's conviction (see generally People v Crimmins, 36 NY2d 230, 237 [1975]). Defendant's identity as the man arguing with the victim before she was shot was not at issue at trial (see People v Adams, 53 NY2d 241, 251-252 [1981]; People v Davis, 15 AD3d 930, 931 [4th Dept 2005], lv denied 5 NY3d 761 [2005]).
Defendant's contention in his main brief that the sentence constitutes cruel and unusual punishment is not preserved for our review (see People v Pena, 28 NY3d 727, 730 [2017]; People v Bailey, 181 AD3d 1172, 1175 [4th Dept 2020], lv denied 35 NY3d 1025 [2020]). Finally, contrary to defendant's contention in his main brief, the
sentence is not unduly harsh or severe.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court