People v Berry (2022 NY Slip Op 50064(U))

[*1]

People v Berry (Kenneth)

2022 NY Slip Op 50064(U) [74 Misc 3d 128(A)]

Decided on January 27, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 27, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., ELIZABETH H. EMERSON, HELEN
VOUTSINAS, JJ

2018-2611 S CR

The People of the State of New York,
Respondent,
against
Kenneth A. Berry, Jr., Appellant. 

Feldman and Feldman (Steven A. Feldman), for appellant.
Suffolk County District Attorney (Sharyn Gitter of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, First District (Patricia T.
Grant Flynn, J.), rendered November 20, 2018. The judgment convicted defendant, after a
nonjury trial, of harassment in the second degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed. 
Defendant was charged with harassment in the second degree (Penal Law § 240.26 [1]).
At a nonjury trial, the complainant, the sole witness, testified that, while he was preparing food in
the kitchen, defendant approached the complainant from the back, grabbed the complainant's
wrists and twisted them behind the complainant's back, causing the complainant to feel
"shocked," "scared" and "frightened to an extent." Defendant rested without calling any
witnesses. Following the trial, defendant was convicted as charged. 
"A person is guilty of harassment in the second degree when, with intent to harass, annoy or
alarm another person[, h]e or she strikes, shoves, kicks or otherwise subjects such other person to
physical contact, or attempts or threatens to do the same" (Penal Law § 240.26 [1]; see
People v Repanti, 24 NY3d 706, 710 [2015]). Intent may—and in most instances
must—be established [*2]by inferences drawn from a
defendant's conduct and the surrounding circumstances (see People v Rodriguez, 17 NY3d 486, 489 [2011]; People v
Bracey, 41 NY2d 296, 301 [1977]; People v Collins, 178 AD2d 789, 789
[1991]).
Viewing the evidence in the light most favorable to the People (see People v Delamota, 18 NY3d
107, 113 [2011]; People v Acosta, 80 NY2d 665, 672 [1993]), we find that the
complainant's testimony alone was legally sufficient to establish defendant's guilt beyond a
reasonable doubt (see People v
Schulz, 4 NY3d 521, 530 [2005]; People v Arroyo, 54 NY2d 567, 578 [1982];
People v Vecchio, 31 AD3d
674, 674 [2006]; People v Ricone, 288 AD2d 402, 402 [2001]). The District Court
was entitled to infer from defendant's conduct and the surrounding circumstances an intent to
harass, annoy or alarm the complainant (see People v Gordon, 23 NY3d 643, 650 [2014]; People v Mack, 76 AD3d 467,
468 [2010]; People v Flores, 30
Misc 3d 135[A], 2011 NY Slip Op 50152[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2011]). 
Upon the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342,
348-349 [2007]), while according great deference to the trial court's opportunity to view the
witness, hear his testimony, observe his demeanor, and assess his credibility (see People v Lane, 7 NY3d 888,
890 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69
NY2d 490, 495 [1987]), we are satisfied that the verdict was not against the weight of the
evidence (see People v Romero, 7
NY3d 633 [2006]).
Defendant's contention that the prosecutor violated the District Court's Molineux
ruling (see People v Molineux, 168 NY 264 [1901]) by eliciting certain testimony
from the complainant regarding defendant's prior bad acts against the complainant, which had
been previously precluded by the court, is unpreserved for appellate review because defense
counsel failed to object to the admission of that testimony (see CPL 470.05 [2]; People v Sams, 140 AD3d 1195,
1196 [2016]). In any event, defendant's contention lacks merit. It is well established that "[w]here
. . . the opposing party opens the door on cross-examination to matters not touched upon during
the direct examination, a party has the right on redirect to explain, clarify and fully elicit [the]
question only partially examined on cross-examination" (People v Melendez, 55 NY2d
445, 451 [1982] [internal quotation marks omitted]; accord People v Watts, 176 AD3d 981, 984 [2019]; see People v Patel, 169 AD3d 934,
935 [2019]). Defense counsel opened the door to such previously precluded evidence by eliciting
testimony from the complainant on cross-examination that there were "[m]any . . . incidents that
occurred in the past" between defendant and the complainant, and, thus, the prosecutor was
entitled to elicit, on redirect examination, testimony regarding those prior incidents (see People v Conley, 192 AD3d
1616, 1620 [2021]; People v Ali, 192 AD3d 1132, 1133 [2021]; People v Nicosia, 18 AD3d 673
[2005]). 
Defendant's contention that defense counsel rendered ineffective assistance by opening the
door to the previously precluded evidence and by failing to object to its admission is likewise
without merit. To prevail on a claim of ineffective assistance of counsel, "it is incumbent on [a]
defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's
alleged shortcomings[;] . . . [a]s long as the defense reflects a reasonable and legitimate strategy
under the circumstances and evidence presented, even if unsuccessful, it will not fall to the level
[*3]of ineffective assistance" (People v Benevento, 91
NY2d 708, 712-713 [1998] [internal quotation marks omitted]; accord People v Olsen, 148 AD3d
829, 830 [2017]; see People v
Pavone, 26 NY3d 629, 646-647 [2015]). As defendant failed to demonstrate that his trial
counsel's tactics lacked a legitimate strategic purpose (see Conley, 192 AD3d at 1620; People v Paul, 171 AD3d 1467,
1469 [2019]; People v LaDuke, 140
AD3d 1467, 1470-1471 [2016]) and that the risks of opening the door to the previously
precluded evidence and failing to object to its admission outweighed their tactical advantages (see People v Roberson, 133 AD3d
793, 793 [2015]; People v
Trovato, 68 AD3d 1023, 1024 [2009]), we cannot agree that defendant was deprived of
the effective assistance of counsel. Viewing the record as a whole, we find that defendant
received meaningful representation (see Benevento, 91 NY2d at 712-714;
Roberson, 133 AD3d at 794; People
v Coley, 129 AD3d 1327, 1330 [2015]). 
Accordingly, the judgment of conviction is affirmed. 
DRISCOLL, J.P., EMERSON and VOUTSINAS, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 27, 2022