People v Franco (2024 NY Slip Op 01643)

People v Franco

2024 NY Slip Op 01643

Decided on March 22, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, GREENWOOD, NOWAK, AND KEANE, JJ.

197 KA 22-01426

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
THOMAS E. FRANCO, DEFENDANT-APPELLANT. 

ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MICHAEL D. CALARCO, DISTRICT ATTORNEY, LYONS (R. MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wayne County Court (Richard M. Healy, J.), rendered August 3, 2022. The judgment convicted defendant upon a jury verdict of assault in the second degree and assault in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the determinate term of imprisonment imposed for assault in the second degree to a term of two years and by reducing the period of postrelease supervision to a period of 1½ years, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [3]) and assault in the third degree (§ 120.00 [2]). The conviction arises out of an incident in which defendant, during a physical struggle with a school resource officer, fired the officer's weapon and shot the officer in the foot.
As defendant correctly concedes, defendant's contention that the verdict is repugnant is unpreserved for our review because defendant failed to raise it before the jury was discharged (see People v Pearson, 192 AD3d 1555, 1556 [4th Dept 2021], lv denied 37 NY3d 994 [2021]; People v Baldwin, 173 AD3d 1748, 1749 [4th Dept 2019], lv denied 34 NY3d 928 [2019]; People v Spears, 125 AD3d 1401, 1402 [4th Dept 2015], lv denied 25 NY3d 1172 [2015]).
Defendant contends that the evidence against him is legally insufficient to establish the intent and causation elements of assault in the second degree (Penal Law § 120.05 [3]) and the causation element of assault in the third degree (§ 120.00 [2]). With respect to the element of intent, we reject defendant's contention that, in light of the testimony regarding his alleged intoxication and mental health crisis at the time of the incident, the evidence is not legally sufficient to support the jury's conclusion that he had the requisite intent to prevent the victim from performing a lawful duty (see People v Stillwagon, 101 AD3d 1629, 1630 [4th Dept 2012], lv denied 21 NY3d 1020 [2013]).
With respect to causation, we conclude that the evidence is legally sufficient to establish that defendant caused physical injury to the victim under Penal Law §§ 120.05 (3) and 120.00 (2), inasmuch as defendant's scuffle with the officer was a "sufficiently direct cause of the ensuing [injury]" (People v Cipollina, 94 AD3d 1549, 1550 [4th Dept 2012], lv denied 19 NY3d 971 [2012]; see People v Pierce, 201 AD2d 677, 678 [2d Dept 1994], lv denied 83 NY2d 914 [1994]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant further contends that County Court erred in refusing to suppress statements that he made to the victim. We reject that contention. Although defendant was in custody when he made those statements, we conclude that defendant "spoke with genuine spontaneity 'and [the statements were] not the result of inducement, provocation, encouragement or acquiescence, no matter how subtly employed' " (People v Rivers, 56 NY2d 476, 479 [1982], rearg denied 57 NY2d 775 [1982]; see People v Ibarrondo, 150 AD3d 1644, 1645 [4th Dept 2017]).
Finally, we agree with defendant that, under the circumstances of this case, the sentence imposed for assault in the second degree is unduly harsh and severe. We therefore modify the judgment as a matter of discretion in the interest of justice by reducing the determinate term of imprisonment imposed for assault in the second degree to a determinate term of two years and by reducing the period of postrelease supervision to a period of 1½ years (see generally CPL 470.15 [6] [b]).
Entered: March 22, 2024
Ann Dillon Flynn
Clerk of the Court