People v Bell (2024 NY Slip Op 03935)

People v Bell

2024 NY Slip Op 03935

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, GREENWOOD, AND KEANE, JJ.

298 KA 17-01950

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ARON BELL, DEFENDANT-APPELLANT. 

REEVE BROWN PLLC, ROCHESTER (GUY A. TALIA OF COUNSEL), FOR DEFENDANT-APPELLANT. 
ARON BELL, DEFENDANT-APPELLANT PRO SE.
CHRISTINE K. CALLANAN, DISTRICT ATTORNEY, LYONS (R. MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wayne County Court (John B. Nesbitt, J.), rendered July 9, 2015. The judgment convicted defendant upon a jury verdict of attempted murder in the second degree (two counts), assault in the second degree (two counts), burglary in the first degree (two counts), criminal possession of a weapon in the second degree, criminal mischief in the fourth degree, criminal trespass in the second degree, criminal contempt in the second degree and endangering the welfare of a child (four counts). 
It is hereby ORDERED that said appeal from the judgment insofar as it imposed sentence is unanimously dismissed and the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts each of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the second degree (§ 120.05 [2]), and burglary in the first degree (§ 140.30 [1], [2]), one count of criminal possession of a weapon in the second degree (§ 265.03 [3]), and four counts of endangering the welfare of a child (§ 260.10 [1]).
Defendant contends in his main brief that count 1 of the indictment, charging attempted murder in the second degree, and count 3, charging assault in the second degree, were rendered duplicitous by the trial testimony that purportedly established two distinct shootings at the relevant victim. We reject that contention. With respect to each count, we conclude that defendant " 'in an uninterrupted course of conduct directed at a single victim, violate[d] a single provision of the Penal Law' " and therefore
" 'commit[ted] but a single crime' " (People v Flanders, 25 NY3d 997, 1000 [2015]).
Contrary to defendant's contentions in his main and pro se supplemental briefs, his conviction of both counts of attempted murder in the second degree is supported by legally sufficient evidence (see People v Pearson, 192 AD3d 1555, 1555 [4th Dept 2021], lv denied 37 NY3d 994 [2021]). Additionally, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention in the main brief that the verdict with respect to the challenged counts is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant contends in the main brief that his conviction of criminal possession of a weapon is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]). Defendant failed to raise a constitutional challenge before County Court, however, and therefore any such contention is unpreserved for our review (see People v Jacque-Crews, 213 AD3d 1335, 1335-1336 [4th Dept 2023], lv denied 39 NY3d 1111 [2023]; see generally People v Davidson, 98 NY2d 738, 739-740 [2002]; People v Reinard, 134 AD3d 1407, 1409 [4th Dept [*2]2015], lv denied 27 NY3d 1074 [2016], cert denied 580 US 969 [2016]). As defendant correctly concedes, his "challenge to the constitutionality of [the] statute must be preserved" (People v Baumann & Sons Buses, Inc., 6 NY3d 404, 408 [2006], rearg denied 7 NY3d 742 [2006]; see People v Cabrera, 41 NY3d 35, 42-51 [2023]). We decline to exercise our power to review defendant's constitutional challenge as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Contrary to defendant's contention in the main brief, the court did not err in denying defendant's request for an adjournment following the People's disclosure of additional physical evidence. "The decision whether to grant an adjournment lies in the sound discretion of the trial court . . . and the court's exercise of that discretion in denying a request for an adjournment will not be overturned absent a showing of prejudice" (People v Tripp, 177 AD3d 1409, 1411 [4th Dept 2019], lv denied 34 NY3d 1133 [2020] [internal quotation marks omitted]). Defendant has made no showing of prejudice, especially given that defendant acknowledges that the People did not use the relevant physical evidence at trial.
In light of defendant's resentencing, we do not consider his challenge to the severity of the original sentence, and we dismiss the appeal from the judgment to that extent (see People v Richardson, 128 AD3d 1377, 1379 [4th Dept 2015], lv denied 25 NY3d 1206 [2015]).
To the extent that defendant challenges the resentence, that challenge is not properly before us because defendant did not take an appeal from the resentence (see People v Kuras, 49 AD3d 1196, 1197 [4th Dept 2008], lv denied 10 NY3d 866 [2008]).
We have reviewed defendant's remaining contentions in his main
and pro se supplemental briefs and conclude that none warrants modification or reversal of the judgment.
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court